(Decided 8th March, 1883.)

---

EMMANUEL IRONS WITTS *vs.* CHARLES T. HORNEY, and CHARLES T. HORNEY, administrator of ELIZABETH A. HORNEY.

*Resulting trust—Insufficient evidence to establish a Resulting trust.*

Where one party purchases an estate and pays the money, and the deed is taken in the name of another, a trust results by construction of law to the party who paid the money, and such payment may be proved by parol; but in all such cases the proof of payment by the *cestui que trust* must be clear, direct and explicit.

In July, 1877, E. A. H. purchased certain leasehold property and took the conveyance in her own name. The deed recited that the whole amount of the purchase money ($550) had been fully paid and satisfied by the purchaser, and that it was executed for the purpose of vesting in her a good title by conveying to her the interests of all parties in the property. The grantee having died, her son filed his bill claiming that the property was purchased with his money, and that the same was therefore held by his mother in trust for him. The grantee had been divorced from her husband, the father of the complainant, and married a second time. Her

surviving husband, who was made a party defendant, insisted that he was entitled to the property in his own right or as administrator of his deceased wife. It was in proof that on the 14th of September, 1876, the complainant assigned to his mother all his interest in a legacy of $1000 left him by the will of his grandfather, and that on the same day the mother received under this assignment $250 on account of this legacy, from the executor of the grandfather. The proof also showed that on the 12th of April, 1877, shortly before the purchase was made, the mother received $1442.53, money coming to her in her own right from her father's estate. One of the grantors testified that the grantee informed him at the time the deed was prepared, that she was purchasing with the money of her son, and two other witnesses besides the son, spoke of similar declarations made by her at different times. On the other hand, five witnesses on the part of the defendant testified that she repeatedly declared that she had bought the property with her own money and for her own use. HELD :

That the testimony was insufficient to establish a resulting trust in favor of the son.

APPEAL from the Circuit Court of Baltimore City.

The appeal in this case was taken from a decree, passed by agreement of counsel, dismissing the bill of complaint. The case is stated in the opinion of this Court.

The cause was argued before MILLER, STONE, ALVEY, ROBINSON, and IRVING, J.

*J. Alexander Preston,* for the appellant.

*J. Wilson Leakin,* for the appellee.

MILLER, J., delivered the opinion of the Court.

There is no difficulty as to the law relating to resulting trusts. The numerous decisions of this Court upon the subject have placed it beyond controversy here. Where one party purchases an estate, and pays the money, and the deed is taken in the name of another, a trust results

by construction of law to the party who paid the money, and such payment may be proved by parol; but in all such cases the proof of payment by the *cestui que trust* must be clear, direct, and explicit. This strictness of proof is required, because of the danger of rendering titles depending upon deeds and other written documents in-secure. Such is the law as announced in all the cases, and we cite only the decisions of this Court. *Dorsey vs. Clarke,* 4 *H. & J.,* 557; *Faringer vs. Ramsay,* 2 *Md.,* 375; *Hollida vs. Shoop,* 4 *Md.,* 474; *Greer vs. Baughman,* 13 *Md.,* 268; *Brawner vs. Staup,* 21 *Md.,* 337; *Cecil Bank vs. Snively,* 23 *Md.,* 253; *Dryden vs. Hanway,* 31 *Md.,* 254; *Groff vs. Rohrer,* 35 *Md.,* 335; *Keller vs. Keller,* 45 *Md.,* 274; *McDonnell vs. Milholland,* 48 *Md.,* 544; *Thomas vs. Standiford,* 49 *Md.,* 184.

In this case Samuel K. Dashiell, as administrator and guardian, and others, conveyed, by deed, dated the 10th of July, 1877, certain leasehold property to Elizabeth A. Horney, the wife of Charles T. Horney, for the considera-tion of $550. The property was sold under orders of the Orphans' Court, and the deed recites that the whole amount of the purchase money ($550) had been fully paid and satisfied by the purchaser, the said Elizabeth, and that it was executed for the purpose of vesting in her a good title by conveying to her the interests of all the parties in the property. Mrs. Horney had been married to one Witts, and had by him a son, the appellant. She was afterwards divorced from Witts and married Horney. Now the son, by his bill, claims that this property was purchased with his money, and that the same was, there-fore, held by his mother in trust for him. On the other hand, Mrs. Horney having died, her surviving husband, Mr. Horney, insists that he is entitled to the property in his own right or as administrator of his deceased wife, and in both these capacities he is made a defendant to the bill.

The documentary proof shows that on the 14th of September, 1876, the son assigned to his mother all his right, title, and interest in a legacy of $1000 left him by the will of his grandfather, and that on the same day the mother received under this assignment $250 on account of this legacy, from the executor of the grandfather. Now, assuming the mother received this whole sum for the benefit of her son and in trust for him (as to which, so far as the trust is concerned, there is no proof), and that she did not spend it all in supporting him and his family (as to which there is evidence), and that he did not loan it or give it to her (of which also there is evidence), still the question arises, did she appropriate any part of this money to the purchase of this property? The proof is clear, that, on the 12th of April, 1877, shortly before the purchase was made, she received $1442.53, money coming to her in her own right from her father's estate. She, therefore, had money of her own, with which to buy this property. Dashiell testifies that she informed him at the time the deed was prepared, that she was purchasing the property with the money of her son; and two other witnesses, besides the son, speak of similar declarations made by her at different times. On the other hand, five witnesses on the part of the defendant testify that she repeatedly declared, that she had bought the property with her own money and for her own use. This is all the testimony on the subject, and it is impossible to say it is sufficient to establish a resulting trust in favor of the son.

*Decree affirmed.*

(Decided 7th March, 1883.)