GEORGE B. JOHNSON *vs.* MARY C. JOHNSON ET AL.

*Resulting Trust—Payment by Husband For Property Conveyed to Wife—Presumptions and Evidence.*

When a husband provides a part of the purchase-money of property which is conveyed to his wife, there is no presumption of a resulting trust in his favor, but the presumption is that he intended to make her an advancement. This presumption cannot be rebutted by evidence of his acts or declarations made subsequent to the purchase.

The evidence in this case examined and held to be insufficient to establish a resulting trust in favor of a husband who paid part of the price of a house which was conveyed to his wife.

Appeal from the Circuit Court No. 2, of Baltimore City (DENNIS, J.)

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, BOYD, PEARCE, SCHMUCKER and JONES, JJ.

*Thos. Ireland Elliott* and *Geo. C. Thomas*, for the appellant.

*Thomas C. Ruddell* and *Joseph W. Bristor*, for the appellee.

JONES, J., delivered the opinion of the Court.

The appellant and Mary C. Johnson, one of the appellees in this case, are husband and wife and as such lived together from the time of their marriage in November, 1888, till the early part of the year 1897—a period of about nine years. In consequence of marital difficulties they then separated and the

wife with the one child of the marriage went to reside with her
parents.    During the separation the appellant sold for $10,000
a fee-simple property which he had inherited from his father.
Out of this he paid his wife between thirty-two hundred and.
thirty-three hundred dollars as an inducement to her to join
in the execution of the deed for the property—she refusing to
unite in the conveyance unless so paid.   In December of 1897,
having composed their differences the appellant and his wife
resumed their marital relations, and went to live together at
the house No. 2526 Pennsylvania avenue in the city of Balti-
more.

This property was purchased at the time for their residence
at the price of two thousand dollars subject to a ground rent,
and the deed was made to the wife.   Of the purchase-money
for the property the wife paid one thousand dollars in cash ;
and for the other one thousand dollars the appellant gave to
the vendor, Samuel J. Messersmith, his promissory note upon
which he has since paid six hundred dollars.   For the balance
of the note the vendor has obtained against him a judgment,
which was still unsatisfied at the bringing of this suit.   At the
time of the occupancy of the house by himself and wife the
appellant placed therein certain furniture ; and they occupied
the house together and used the furniture for about nineteen
months when, in July, 1899, they again separated.   The ap-
pellee, Mary C. Johnson, at the time of the last separation
removed from the house the furniture referred to as having
been placed therein by the appellant, her husband, and depos-
ited the same with her co-appellee, " The Security, Storage
and Trust Co.;" and shortly thereafter contracted with one
John Knell to sell him the leasehold interest in the house and
lot in question.   Upon the refusal of this purchaser to take a
deed and pay for the property without a joinder of her
husband in the deed and the refusal of the husband to so join
in the conveyance unless allowed to share in the purchase-
money she began a suit to enforce the specific performance of
the contract.   The appellant then filed his bill of complaint
in this case in the Court below in which he charges that he

and his wife bought the leasehold property in question " for a home and for their mutual convenience, and that they might always have a home free from any uncertainties in business or financial difficulties it was mutually agreed that the lease should be made in the name of his wife alone, although " he, the appellant, " owned an equal interest therein with the said wife;" and in respect to the furniture, which has been mentioned, alleged that the same was " purchased " by him and that none of it " was contributed to the home " by his wife.

The bill, after other allegations not material to be mentioned, prays for the appointment of a receiver to take charge of the leasehold property and of the furniture and for an injunction to restrain the appellee from disposing of the former, and to prevent the latter being removed without an order of Court. It prays for no specific final relief; but asks " that the Court will adjudicate upon the respective rights of the parties to this suit " and for general relief. The answer of the appellee, Mary C. Johnson, to the bill denies that the deed to the leasehold property in question was put in her name for any such purpose as is alleged in appellant's bill; and avers that she having instituted proceedings for a divorce from the appellant and he being anxious that she should abandon the said proceedings agreed with her that if she would withdraw the proceedings " he would assist her to procure a home for herself and child, which should be entirely free from his control, and of which she should be absolute owner. That in pursuance of said agreement she leased the premises No. 2526 Pennsylvania avenue " to which reference has been made. " That after she procured the lease * * * she withdrew the divorce proceedings." As to the furniture the answer denies that it " belongs in any manner to the plaintiff" (appellant); and avers that it is the property of the respondent (appellee, Mary C. Johnson).

Upon the issues so made up the controversy here is one exclusively between husband and wife. No rights of creditors or of third parties are involved or presented for adjudication. Samuel J. Messersmith appears from the docket entries in the

case to have been made a party plaintiff below but no pro-
ceedings having reference to this are set out in the record.
The decree of the Court below dismissed the bill as to him
without prejudice and he has not appealed. The ground upon
which the title of the appellant to maintain his bill has been
based, as respects the leasehold property, is that by reason,
and to the extent, of the money contributed by him or for
which he is responsible, towards the purchase of that property
there is a resulting trust in his favor ; and that has been treated
by both sides as a matter to be determined by the evidence.
We shall dispose of it accordingly and this we may do by
stating briefly the conclusions we have reached from an ex-
amination of the proof submitted.

The legal propositions applicable to the case in the aspect
in which it is presented and to which the proof is to be referred,
may also be briefly stated without discussing the many author-
ities to which reference is made in the briefs in the case.
These propositions of law are laid down and recognized in all
of the authorities and distinctly so in our own decisions.
"Where one party purchases an estate, and pays the money
and the deed is taken in the name of another, a trust results
by construction of law to the party who paid the money and
such payment may be proved by parol." *Witt* v. *Horney*, 59
Md. 584. "If only a part of the purchase-money be paid by
a third party, there will be a resulting trust in his favor *pro
tanto.*" 4 *Kent*, 306 (marg. 11th ed.) The rule of law thus
laid down is subject, however, to this qualification. "If the
person in whose name the conveyance of property is taken be
one for whom the party paying the purchase-money is under
a natural or moral obligation to provide, no equitable pre-
sumption of trust arises from the fact of the payment of the
money, but on the contrary, the transaction will be regarded,
*prima facie,* as an advancement for the benefit of the nominee.
In that case, therefore, it will be for the party who seeks to
establish a trust on behalf of the payer of the purchase-money,
to displace, by sufficient evidence, the presumption that exists
in favor of the legal title." Accordingly it is held that "if a

parent should purchase in the name of a son, the purchase would be deemed, *prima facie*, as intended as an advancement so as to rebut the presumption of a resulting trust. But this presumption, that it is an advancement may be rebutted by evidence manifesting a clear intention that the son shall take as trustee ;" but it " ought not to be frittered away by nice refinements." " The like presumption exists in the case of a purchase of a husband in the name of his wife. Indeed, the presumption is stronger in the case of a wife than of a child ; for she cannot at law be the trustee of her husband." *Mutual Fire Ins. Co.* v. *Deale*, 18 Md. 26, and authorities there cited. In 1 *Perry on Trusts*, sec. 147, it is said that whether, in the class of cases, last mentioned the purchase is to be considered an advancement or settlement or not " is a question of pure intention, though presumed in the first instance to be a provision and settlement."

Under the rule of law just stated the fact in this case that the appellant and the appellee, Mary C. Johnson, are husband and wife puts upon the appellant the burden of proof to establish the resulting trust he sets up as the ground of his suit. As was said in case of *Mut. Ins. Co.* v. *Deale*, 18 Md. *supra*, (at p. 47), the simple fact that the appellant paid the purchase-money, or a part of it, does not, upon the authorities referred to, raise, in this case, any presumption of a resulting trust in his favor. And it may be here added that on the contrary there is a presumption against the contention he makes which he must overcome " by evidence manifesting a clear intention " that there should be such trust. We also find it laid down in the case last cited, *Mut. Ins. Co.* v. *Deale*, 18 Md., and the authorities there referred to and adopted that the " evidence— which is used for the purpose of displacing the title of the nominee, unless it is founded on his own admission or declaration of trust, must be contemporaneous with the purchase " * * * " Subsequent acts or declarations of the purchaser, or any other matter arising *ex post facto*, cannot be admitted for the purpose; although they be of the most unequivocal and conclusive description." See also 1 *Perry on Trusts*, sec. 147.

The testimony upon which the appellant relies to show the character of the transaction in regard to the leasehold property here in question is that of himself, and of the vendor of the property, and of the wife of the latter. The substance of the appellant's testimony is that they, himself and wife, "bought the property jointly;" that they "bought it as a home; and she was to pay $1,000, and I (appellant) was to pay the other $1,000;" that the arrangement was made for each to contribute to the purchase "in order to get together again;" that they "were to buy jointly;" that the wife "said she was willing to pay one one-half if I (appellant) was willing to pay the other half;" that he did not intend the property as a gift to his wife; that he "retained an interest in it;" that they "bought it jointly" and "we were each to pay $1,000 apiece." He, further, on cross-examination denied, in answer to a leading question, that he had had with his wife, in arranging with her about the purchase of the house in question, any such conversation, as she afterwards testified, took place between them, when giving her version of the arrangement or understanding between herself and appellant in regard to the purchase of the house.

For obvious reasons this testimony is utterly ineffective for the purpose for which it was offered. The single fact that it proves is that at the time of the purchase the appellant contributed a part of the purchase-money, which is not disputed, and which in itself, as we have seen, is insufficient, in a case like this, to establish even a *prima facie* case of resulting trust. The fact that both the husband and wife joined in purchasing the property, each contributing a part of the purchase-money to secure a home, is not inconsistent with an intention that the absolute title should be in the wife. Besides this the declarations of the appellant of his intention at the time of the purchase of the property, and as to how it was purchased, are declarations made at the time he was testifying and not declarations contemporaneous with the transaction and part of the *"res gestæ."* Samuel J. Messersmith, the vendor of the property testified "Mr. Johnston came to me and said he

wanted to buy this property; that he was to pay $1,000 and his wife was to pay $1,000, and they were going to make it a home for themselves. And again "he (the appellant) said at that time they were going to buy the property together; he was to pay $1,000 and his wife $1,000." Here again the testimony of this witness shows the mere fact that the appellant was to contribute a part of the purchase-money. Mrs. Messersmith testified, when asked to tell the conversation that took place when appellant came to see herself and her husband about the purchase of the property, as follows: "Mr. Johnston came to see about the property and we sold it jointly to them both that is the way we sold it"— thus giving none of the conversation asked for, nor any facts or declarations except the declaration of the witness made at the time of testifying.

There are also circumstances in the case shown by the testimony which make against the claim which the appellant sets up. It appears that he gave to his wife an agreement in writing dated at the time of the purchase of the property in question to pay the ground rent on the property, as long as he occupied the house, in consideration of her dismissing the divorce proceedings begun by her, which has at least some effect towards showing a recognition of title in her. Again pending the negotiations of the wife for a sale of the property after the last separation between her and the appellant, when he was approached to join in the deed to the purchaser, he does not appear to have asserted a claim as joint owner of the property as having contributed one-half of the purchase-money but offered to join in the deed upon being paid $400. On the side of the appellees Mary C. Johnston testified on her own behalf in reference to the arrangement or understanding between herself and husband as to the purchase of the property in question " I told him I was going to make him one proposition and that was for him to buy a home for me ; * * * and if he would pay one-half and I pay one-half and make the deed over in. my name absolutely and everything in the house over to me I would go back, but if

not I would not go back with him, I had it made that way because I wanted him to know that he could not order me out of the house as he had done before ; that is why I made it in my name and he was satisfied to do anything or go any place, he said all he wanted was me."

Without quoting further from the testimony on this point or setting out more of it it need only be remarked that the testimony of the appellee just quoted is strongly corroborated by that of her father and her mother. Upon the whole testimony the appellant has entirely failed to establish, as respects the leasehold property in controversy, a resulting trust in his favor. As has already been said, this aspect of the case has been dealt with as it was presented ; but we are not to be understood as meaning to say that the bill upon the face of it, in its allegations, makes a case of resulting trust, apart from the conclusions deduced from the evidence. As to this no opinion is expressed. As to the furniture which is involved in this controversy it is difficult to perceive on what ground the appellant bases his claim to relief as to that. Consistently with what the wife testifies was the understanding between her and the appellant at the time of their reconciliation the appellant executed a formal paper intended to transfer title to this furniture to her as appears from his own testimony. He delivered it at the house 2526 Pennsylvania avenue for use ; and so gave it into possession of the wife in the only way possession could be so delivered in accordance with their understanding. He testifies in this case that he gave it to her. Unquestionably a husband can give personal property to his wife and invest her with a title to it where creditors are not concerned and no rights of third parties are involved. We think the Court below properly dismissed the appellant's bill and its decree will be affirmed.

*Decree affirmed with costs.*

(Decided December 4th, 1902.)