# FIRST NATIONAL BANK OF CATONSVILLE

## *vs.*

## M. FILLMORE CARTER.

*Resulting trusts: purchase in own name of property for an-
other with latter's money.   Estoppel in pais.*

Where one person, with the money of another, purchases
property for him, as his agent, but takes the property in his
own name before reconveying it, it gives such person no bene-
ficial interest, but creates a resulting trust, and the interest of
the agent is not liable for his debts.                    pp. 220-221

In order to create an estoppel *in pais,* the party pleading it
must have been misled to his injury; that is, he must have suf-
fered a loss of a substantial character, or have been induced to
alter his position for the worse in some material respect.

p. 221

*Decided January 17th, 1918.*

Appeal from the Circuit Court for Baltimore County.   In
Equity.   (DUNCAN, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE,
BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CON-
STABLE, JJ.

*Edwin J. Farber* and *Lewis W. Lake,* for the appellant.

*Harry E. Karr* (with *Benson & Karr,* on the brief), for
the appellee.

CONSTABLE, J., delivered the opinion of the Court.

The points raised by this appeal present questions, in our opinion, simple and easy of solution.

The appellee filed a bill in which he prayed the Court to grant an injunction perpetually restraining the appellant from levying or attempting to levy an execution on property described in the bill, and to clear his property of a cloud upon his title.

The bill alleged that being desirous of acquiring by purchase a certain lot of ground, adjoining the property whereon he resided, in Baltimore County, he authorized a Mrs. Adele Callow to secure it from the owner thereof. That Mrs. Callow so acting as his agent did purchase the lot for twelve hundred dollars ($1,200) from the owner, using the money of the appellee for the purpose. That on the day the purchase money was paid over, a deed conveying the property to her was executed, and on that same day she conveyed the property to the appellee, and the two deeds were sent to the record office to be recorded. That after the conveyances, the appellee learned that a judgment for seven hundred and seventy dollars and eighty-eight cents ($770.88) against Mrs. Callow and in favor of the appellant, had been entered in the Circuit Court for Baltimore County before the conveyance to Mrs. Callow and was still on the docket of said Court unsatisfied. That the appellant claimed the property was subject to the lien of the said judgment and had threatened that unless the appellee satisfied the judgment, it would issue execution on the property. That the appellee had explained to the appellant the true state of facts as to the conveyance and offered to present all evidence supporting his representations, but the appellant continues to threaten execution.

The injunction was issued as prayed. The appellant answered and his whole defense is embodied in the following allegations:

> "(a) That the said Adele Callow, at the time of the execution of the deed by Arthur W. Robson and Julia

M. Robson, his wife, to her, did take and actually hold a beneficial interest in the property therein described.

"(b) That the said complainant, M. Fillmore Carter, does not come into this court with clean hands, as according to the bill of complaint he alleges that the said Adele Callow was his agent, and, acting upon his instructions, deliberately defrauded the said Robson and his wife, in her dealings with them 'as his agent, and is therefore not entitled to any relief in this court.

"(c) That the said M. Fillmore Carter, on October 29th, 1915, at the respondent's bank, stated to one Arthur C. Montell, the cashier of the bank, that said Adele Callow had purchased the property from said Robson, and that he had purchased the property from Mrs. Callow on October 28th. 1915, and, relying upon this statement, your respondent issued an execution on the property aforesaid, and has been occasioned expense and actual labor, and therefore the said M. Fillmore Carter should be estopped from denying the allegations which he made which your respondent acted upon and which would now be to its prejudice and injury."

That Mrs. Callow, in purchasing the property, with the appellee's money, was acting solely for the appellee and that she did not take or hold any beneficial interest therein, is too clear for any doubt, as appears from the testimony in the record.

In *Dixon* v. *Dixon,* 123 Md. 44, JUDGE BURKE, speaking for the Court, very extensively reviewed the authorities of this and other jurisdictions in dealing with questions involved in the payment of the purchase money for property by one party while the title was taken in the name of another, and announced this principle as established by the authorities: "The general rule is well settled that when the purchase price is paid by one person and the title is taken in the name of another, a resulting trust arises in favor of the person paying the purchase money, and the holder of the legal title be-

comes a trustee for him." Like to all general rules there are
some exceptions, but the facts as proven in this case are not
subject to any of them, and in our opinion these facts make
a clear case of resulting trust. *Dorsey* v. *Clarke,* 4 H. & J.
551; *Thomas* v. *Standiford,* 49 Md. 182; *Johnson* v. *Johnson,* 96 Md. 144; *Witts* v. *Horney,* 59 Md. 584; *Johns* v.
*Carroll,* 107 Md. 436; *Philbin* v. *Watson,* 129 Md. 497.

It is, therefore, plain, upon the authorities, that the appellee, having paid the whole of the purchase money through his
agent, that her holding of the property must be considered,
at law as a trusteeship for the appellee.

As to the appellant's defense that the appellee did not come
into Court with clean hands, we are of the opinion it has no
force, not only for the reason that from the allegations and
the testimony we are unable to see that any fraud was practised upon the vendor of Mrs. Callow, but for the further
reason that this defense would not be open to the appellant
for, admittedly, there was no fraud practised upon him, the
appellant. The fact that Mrs. Callow took title to the property in her own name, as trustee, has not injured the appellant, so far as affecting the judgment, which he now holds
as he did before. "In order to create an estoppel *in pais,* the
party pleading it, must have been misled to his injury; that
is, he must have suffered a loss of a substantial character or
have been induced to alter his position for the worse in some
material respect." 16 *Cyc.* 744.

The appellant contends further, that since he was put to
expense in this litigation through remarks made by the appellee to the cashier of the appellant, the appellee should be
estopped from denying them. There is no force in this contention. He could have avoided all of this expense and trouble by merely looking at the proof which the appellee offered
to present to him, and which is presented so clearly in this
record. We will therefore affirm the decree.

*Decree affirmed, with costs to the appellee.*