## McCALEB v. McKINLEY.

No. 6947.    Opinion Filed April 11, 1916.

(156 Pac. 1166.)

**APPEAL AND ERROR—Briefs—Effect of Failure to File.** Where plaintiff in error has prepared, served, and filed a brief as required by the rules of this court, and there is no brief filed and no reason given for its absence on the part of defendant in error, this court is not required to search the record to find some theory upon which the judgment below may be sustained; but, where the brief filed appears reasonably to sustain the assignments of error, the court may reverse the judgment in accordance with the prayer of the petition of plaintiff in error.

(Syllabus by the Court.)

*Error from District Court, Washington County;*
*R. H. Hudson, Judge.*

Action by A. F. McCaleb against G. R. McKinley. Judgment for defendant, and plaintiff brings error. Reversed and remanded, with directions to overrule demurrer to petition.

*Norman Barker,* for plaintiff in error.

KANE, C. J. This was a suit, commenced by the plaintiff in error, plaintiff below, against the defendant in error, defendant below, for the purpose of having the latter declared a trustee for the former in a certain real estate transaction. The court below sustained a general demurrer to the petition filed by the plaintiff, and it is this action of the trial court we are called upon to review.

The petition is very long and somewhat involved, but it reasonably tends to disclose substantially the following facts: The plaintiff and one Morse entered into

an agreement with Cloud, the owner of the land, to pur-
chase the same at a stipulated price. Not being prepared
to finance the transaction, they called upon the defendant,
a banker, and entered into an oral agreement with him,
whereby the banker agreed with plaintiff and Morse that,
if said plaintiff and Morse would agree to place the
legal title to said real estate in said defendant as trustee,
he would advance the purchase money therefor, less a
certain amount theretofore paid by said plaintiff, and upon
being reimbursed would execute deeds to them according
to their respective interests; that in pursuance of said
agreement said deed of conveyance was made by said
Cloud direct to the defendant, as trustee, to hold the said
lands as agent and trustee on behalf of said Morse and said
plaintiff; that their respective interests therein should be
as follows: A. F. McCaleb, the plaintiff herein, an un-
divided one-third interest; H. M. Morse, an undivided one-
third interest; and G. R. McKinley, the defendant, an un-
divided one-third interest. It was further alleged in sub-
stance that said plaintiff, knowing said defendant to be a
banker, and believing him to be a man of integrity and
honor, and that he would faithfully fulfill his trust, was led
to and did confide his property to him; that it was agreed
that the said G. R. McKinley was to receive interest for his
said advancement at the rate of ten per cent. per annum
until he was fully paid by plaintiff and said Morse, the
amount of money so advanced. The petition then alleges
performance or tender of performance on the part of the
plaintiff and Morse, and refusal to perform on the part of
the defendant, and prays for relief as above-indicated.

The defendant in error has not employed counsel
to represent him in this court, and we therefore are not
advised as to the precise ground upon which the trial

court sustained the demurrer to the petition. It seems reasonably clear to us, from the authorities cited by counsel for plaintiff in error, that the demurrer to the petition ought to have been overruled. Cases cited by counsel which seem to sustain this conclusion are as follows: *Rose v. Hayden,* 35 Kan. 106, 10 Pac. 554, 57 Am. Rep. 145; *Hayden v. Dannenberg,* 42 Okla. 776, 143 Pac. 859; *Thompson v. McKee,* 43 Okla. 243, 142 Pac. 755, L. R. A. 1915A, 521; *Franklin v. Colley,* 10 Kan. 261; *Weekly v. Ellis,* 30 Kan. 507, 2 Pac. 96. However, we do not feel called upon to make an extended independent investigation of the authorities for the purpose of finding a theory upon which the action of the trial court may be sustained. The defendant in error is a banker, and doubtless a man of means, well able to employ counsel to assist the court in investigating the questions presented for review, if he had any confidence in the justice of his cause. It has many times been held by this court that:

"Where plaintiff in error has prepared, served, and filed a brief as required by the rules of this court, and there is no brief filed and no reason given for its absence on the part of defendant in error, this court is not required to search the record to find some theory upon which the judgment below may be sustained; but, where the brief filed appears reasonably to sustain the assignments of error, the court may reverse the judgment in accordance with the prayer of the petition of plaintiff in error."

*Butler v. McSpadden,* 25 Okla. 465, 107 Pac. 170; *Butler v. Stinson,* 26 Okla. 216, 108 Pac. 1103; *M., K. & T. Ry. Co. v. Long,* 27 Okla. 456, 112 Pac. 991, and *Beaver v. Oklahoma State Loan Co.,* 30 Okla. 585, 120 Pac. 943, are a few of the cases so holding.

For the reason stated, the judgment of the court below is reversed, and the cause remanded, with directions to overrule the demurrer to the petition.

All the Justices concur.