## McCALEB v. McKINLEY.

No. 9830—Opinion Filed Dec. 7, 1920.

(Syllabus by the Court.)

1. **Specific Performance—Frauds, Statute of —Real Estate Contracts—"Part Performance."**

In order to take an oral contract pertaining to real estate out of the statute of frauds, the part performance must follow and not precede the contract. Acts ancillary or preparatory, and such as are not intended to be directly a substantial part performance of the agreement, are insufficient. Exploring or examining the land, having the land surveyed and timber valued, or the like, is not sufficient; nor the preparation and delivery of the necessary deeds or the abstract of title. It seems that preparing deeds, etc., is insufficient part performance.

2. **Trusts—Constructive Trusts—Statute of Frauds—Conveyance of Real Estate—Enforcement of Trust.**

It has been said as to express and implied trusts being or not within the statute of frauds, that the distinction is this: If A. voluntarily conveys lands to B., the latter having taken no measures to procure the conveyance, but accepting it and verbally promising to hold the property in trust for C., the case falls within the statute, and chancery will not enforce the parol promise. But if A. was intending to convey the land directly to C., and B. interposed and advised A. not to convey directly to C., but to convey to him, promising that if A. would do so he. B., would hold the land in trust for C., chancery will lend its aid to enforce the trust, upon the ground that B. obtained the title by fraud and imposition upon A. And although a simple avowal of acquisition for the use of another, whether made contemporaneous with or subsequent to the fact, will not of itself support an allegation of trust, yet it is equally well settled that if one be induced to confide in the promise of another that he will hold in trust, or that he will so purchase for one or both, and is thus led to do what otherwise he would have forborne or to forbear what he contemplated to do in the acquisition of an estate whereby the promisor becomes the holder of the legal title, an attempted denial of the confidence is such a fraud as will operate to convert the purchaser into a trustee ex maleficio.

Error from District Court, Washington County; R. B. Boone, Judge.

Action by A. F. McCaleb against G. R. McKinley for the recovery of land. Plaintiff's petition dismissed by the trial court, from which plaintiff appeals. Reversed and remanded, with directions.

Norman Barker, for plaintiff in error.

H. H. Montgomery and S. J. Montgomery, for defendant in error.

HIGGINS, J. The only question for review in this case is whether the statute of frauds and of uses and trusts are a bar to the prosecution of this action under the allegations as set forth in the amended petition.

The amended petition, in substance, states that the plaintiff in error, plaintiff below, and another party orally agreed with the owner of a certain tract of land to purchase

the same; that in procuring an abstract, surveying and inspecting the same, they had expended $50 in money; that when plaintiff and the party associated with him were ready to take over the land and the owner of the same was ready to make a deed to them, McKinley, defendant in error, defendant below, found out about the transaction and made a proposition to them verbally agreeing with them that if they would agree that the owner of the land would make the deed direct to him, he would hold the same as trustee, would advance the full purchase price, and that should the plaintiff pay him one-third of the purchase price with interest thereon at 10 per cent. per annum within six months, he would execute to him a deed to an undivided one-third of the lands in question; that the deed was made direct to the defendant as verbally agreed, who paid the price for the land; that this plaintiff had tendered him the amount agreed upon within the time agreed upon, but that defendant refuses to execute to him a deed for his interest in the lands or to recognize his rights in any manner whatsoever. Plaintiff prays that the court decree that the defendant holds plaintiff's interest in said land in trust for him, and that defendant be directed to make him a deed to his interest in the lands in question.

Section 941, Rev. Laws 1910, states:

"The following contracts are invalid, unless the same, or some note or memorandum thereof, be in writing and subscribed by the party to be charged, or his agent: * * * Fifth. An agreement for the leasing for a longer period than one year, or for the sale of real property, or of an interest therein; and such agreement, if made by an agent of the party sought to be charged, is invalid, unless the authority of the agent be in writing, subscribed by the party sought to be charged."

Section 6659, Rev. Laws 1910, states:

"No trust in relation to real property is valid, unless created or declared: First, by a written instrument, subscribed by the grantor or by his agent thereto authorized by writing; second, by the instrument under which the trustee claims the estate affected; or, third, by operation of law."

The first issue raised is that in the payment of $50 to cover the cost of abstract, inspecting and surveying the land, there has been a part performance of the oral agreement and thus the oral agreement is taken out of the statute of frauds. An examination of the petition shows this expenditure to have been made prior to the oral agreement with McKinley, and that no part of this oral agreement with McKinley has been performed.

Reed on the Statute of Frauds, at sec. 568, states:

"The part performance must follow, not precede, the contract. Acts ancillary or preparatory, and such as are not intended to be directly a substantial part performance of the agreement, are insufficient. Exploring or examining the land, having the land surveyed and timber valued, or the like, is not sufficient; nor the preparation and delivery of the necessary deeds or the abstract of title. It seems that preparing deeds, etc., is insufficient part performance."

This suit is not predicated on the relation of agency or that of a partnership, consequently many of the authorities cited by plaintiff are not applicable.

The next question for consideration is whether the acts of the parties were sufficient to create a trust "by operation of law" as provided in the third paragraph of section 6659, supra. It must be admitted under the status of the pleadings in this case that the allegations set forth in the amended petition and all reasonable intendments growing out of the same are true; that is, that McCaleb and his associate had verbally agreed to purchase the land from the owner, had expended $50 in negotiating the trade; that this was known to defendant; that the owner of the land was ready to make them a deed, and they were ready to take over the same; that at this time the defendant came forward with his proposition to furnish the money, take title in his name and hold plaintiff's interest as a trustee, and if a certain portion of the purchase price was paid to him by plaintiff in a specified time, that he would make plaintiff a deed to his interest in the lands; that, relying upon defendant's promise, plaintiff and his associate forebore and forbear to purchase the same, that they were ready and willing so to do; that a tender has been made to defendant in the sum and within the time orally agreed and that he refused to deed plaintiff his interest in keeping with the agreement.

Reed, supra, at section 871, states as follows:

"It has been said as to express and implied trusts being or not within the statute of frauds, that the distinction is this: If A. voluntarily conveys land to B., the latter having taken no measures to procure the conveyance, but accepting it and verbally promising to hold the property in trust for C., the case falls within the statute, and chancery will not enforce the parol promise. But if A. was intending to convey the land directly to C., and B. interposed and advised A. not to convey directly to C., but to convey to him, promising that if A. would do so he, B., would hold the land in trust for C., chancery will lend its aid to enforce the trust,

upon the ground that B. obtained the title by fraud and imposition upon A. And although a simple avowal of acquisition for the use of another, whether made contemporaneous with or subsequent to the fact, will not of itself support an allegation of trust; yet it is equally well settled that if one be induced to confide in the promise of another that he will hold in trust, or that he will so purchase for one or both, and is thus led to do what otherwise he would have forborne or to forbear what he contemplated to do in the acquisition of an estate whereby the promisor becomes the holder of the legal title, an attempted denial of the confidence is such a fraud as will operate to convert the purchaser into a trustee ex maleficio."

Pomery's Eq. Juris. (3rd Ed.) sec. 155, states:

"Trusts Arising by Operation of Law— The second great division of trusts, and the one which in this country especially affords the widest field for the jurisdiction of equity in granting its special remedies so superior to mere recoveries of damages, embraces those which arise by operation of law from the deeds, wills, contracts, act, or conduct of parties, without any express intention, and often without any intention, but always without any words of declaration or creation. They are of two species 'resulting' and 'constructive', which latter are sometimes called trusts ex maleficio; and both these species are properly described by the generic term 'implied trust.' Resulting trusts arise where the legal estate is disposed of or acquired, not fraudulently or in the violation of any fiduciary duty, but the intent in theory of equity appears or is inferred or assumed from the terms of the disposition, or from the accompanying facts and circumstances, that the beneficial interest is not to be given with the legal title. In such a case a trust 'results' in favor of the person for whom the equitable interest is thus assumed to have been intended, and whom equity deems to be the real owner. Constructive trusts are raised by equity for the purpose of working out right and justice, where there was no intention of the party to create such a relation, and often directly contrary to the intention of the one holding the legal title. All instances of constructive trusts may be referred to what equity denominates 'fraud', either actual or constructive, including acts or omissions in violation of fiduciary obligations. If one party obtains the legal title to property, not only by fraud or by violation of confidence or fiduciary relation, but in any other unconscientious manner, so that he cannot equitably retain the property which really belongs to another, equity carries out its theory of a double ownership, equitable and legal, by impressing a constructive trust upon the property in favor of the one who is in good conscience entitled to it, and who is considered in equity as the beneficial owner."

Under the third paragraph of section 6659,

supra, if a trust is created "by operation of law," then the same in relation to real estate is not required to be in writing. We find that under the authorities cited above the allegations of the petition are sufficient to create a trust ex maleficio, and therefore the contract was not required to be in writing.

This case has heretofore been to this court. 53 Okla. 388, 156 Pac. 1166. Justice Kane, speaking for the court, held that a demurrer to the petition in that case should have been overruled, and reversed the cause.

This cause is reversed, and the trial court is directed to set aside the judgment below and try the issue upon the principle of law herein laid down.

RAINEY, C. J., and HARRISON, KANE, PITCHFORD, JOHNSON, McNEILL, BAILEY, and COLLIER, JJ., concur.