BINGHAM, Adm'r, v. WORLEY.

No. 31151.   May 29, 1944.

*149 P. 2d 253.*

J. G. Austin, of Miami, for plaintiff in error.

Frank Nesbitt and Nelle Nesbitt, both of Miami, for defendant in error.

PER CURIAM. This action was instituted by Grover C. Bingham, administrator of the estate of William Riley Bingham, deceased, as successor to Rachel E. Beth, administratrix of said estate, against Wilbur Worley to establish and enforce a constructive trust in real estate. Decree of the trial court was in favor of the defendant, and plaintiff appeals. As a matter of convenience we will refer to the parties as they appear in the trial court.

Plaintiff in his petition alleged, in substance, that his decedent had in his lifetime owned two certain town lots which had been sold to the county at tax resale and that defendant was proceeding to obtain a county commissioner's deed when plaintiff's predecessor entered into an arrangement with him whereby in consideration of the administratrix interposing no obligation to the procurement by the defendant of said county commissioner's deed to said lots the defendant would pay for the same and thereupon convey said property to the estate of plaintiff's decedent upon payment by said estate of the amount expended by defendant together with costs incurred in procuring said deed; that said agreement was oral and that plaintiff's predecessor had taken the necessary steps to procure the money with which to purchase said property and had tendered the same to the defendant, but that he had refused to accept it and had declined to execute the deed in accordance with his promise so to do. Wherefore plaintiff prayed that a constructive trust be decreed and defendant compelled to convey the property and accept the payment therefor. The defendant denied making the agreement, pleaded the statute of frauds as a defense thereto, and alleged that the agreement which he had with plaintiff's predecessor was, in substance, to the effect that he would convey the property to the estate of plaintiff's decedent in the event that it should develop that said estate was indebted in excess of the amount of funds coming into the hands of the administratrix with which to pay claims against said estate, and that said contingency had never developed, but, on the contrary, the estate had proved to be entirely solvent and all claims and expenses against the estate had either been paid or else there was in the hands of the plaintiff as administrator sufficient funds with which to pay the same. Defendant by cross-petition asked that his title be quieted as against the claim of plaintiff. Upon the issues so framed trial of the cause was had to the court as one of equitable cognizance. The evidence adduced at the trial disclosed that plaintiff's decedent, William Riley Bingham, had owned lots 29 and 30 in block 10 of Shapp-Whitebird addition to the town of Quapaw; that, however, prior to his death, which occurred June 2, 1940, he had permitted said lots to be sold for delinquent taxes levied and assessed thereon for the years 1932 to 1939, inclusive, at tax resale held in May, 1940, and at which sale Ottawa county became the purchaser for the want of other bidders; that pursuant to a sale thereafter had by the county of Ottawa, and in accordance with the provisions of 68 O.S. 1941 § 432j, defendant had purchased said lots and had obtained a county commissioner's deed thereto. The evidence further showed that on September 3, 1940, when the defendant appeared at the county courthouse for the purpose of obtaining his deed, the defendant and an attorney for the administratrix of the estate of William Riley Bingham, deceased, had a conversation which resulted in an oral agreement which, as the plaintiff contends, was to the effect that if the estate would make no objections, defendant would obtain said deed and convey said property to the estate upon repayment of the amount expended together with costs; and which, according to the contention of the defendant, was to the

effect that he would convey said property only in the event that it should be necessary to enable the estate to pay just and valid claims against it. The evidence showed further that the estate was entirely solvent, and that if the agreement was as contended by the defendant, the contingency upon which conveyance would be made never happened. Under the evidence, substantially as narrated, the trial court found that the plaintiff had failed to prove facts sufficient to establish a constructive trust or any enforceable trust and denied plaintiff any relief and rendered a decree in favor of the defendant.

The plaintiff assigns a number of specifications of error which reduce themselves to substantially one proposition, which is, the judgment of the trial court is clearly contrary to the weight of the evidence. In support of the contention so made plaintiff directs our attention to Bradley v. Little, 192 Okla. 121, 134 P. 2d 126; Perry on Trusts, § 171; Pomeroy, Equity Jur. (3rd Ed.) §§ 1055-1056; Turner v. Turner, 34 Okla. 284, 125 P. 730; and annotations in 42 A.L.R. pages 11 to 124. An examination of the cited authorities will reveal that, except upon the proposition that in an action of equitable cognizance this court will weigh and examine the evidence and cause to be rendered a proper judgment where judgment is clearly contrary to the weight of the evidence, they have no application to the case at bar. Plaintiff's decedent departed this life on June 2, 1940. Prior to his death and in May, 1940, the lots involved had been sold at tax resale to Ottawa county. Presuming, as we must under the record here presented, that the proceedings so had were in all respects regular and valid, the county of Ottawa thereupon became vested with a new and independent fee-simple title to said lots. See Shnier v. Vahlberg, 188 Okla. 471, 110 P. 2d 593. The county of Ottawa, having acquired title to said property, was at liberty to dispose of the same at any time thereafter in the manner provided by 68 O. S. 1941 § 432j. The county proceeded under said section and defendant acquired his title to said property pursuant to the provisions thereof. Under these circumstances the estate of William Riley Bingham had no interest in said lots any more than it would have in any other property which the deceased may have owned at one time in his lifetime and lost through foreclosure or other legal proceedings. For these reasons the case of Turner v. Turner, supra, cited and relied upon by plaintiff, is wholly without application.

Under the pleadings and the evidence the contract between plaintiff's predecessor and defendant was merely an oral agreement either to simply purchase the property and convey it to the estate, or else, as contended by the defendant, to purchase the property and to convey it to the estate upon certain conditions. In either event, there was no fraud or fiduciary relation which would justify a court of equity in decreeing an enforceable trust.

It is universally held that an oral agreement to purchase land and to give another the benefit of the purchase by conveying the land to him at the price at which the property was acquired, or at an advance in price, is one which must be in writing by reason of the statute of frauds or else is unenforceable. See, in this connection, the cases cited under Note 42 A.L.R. 13.

Under the pleadings and evidence, whether the exact terms of the contract were as contended by the plaintiff or as contended by the defendant, the contract was nevertheless a parol one to convey lands, and it was therefore invalid under the statute of frauds (15 O. S. 1941 § 136). The record is entirely devoid of any evidence which would give rise to a constructive trust or any other enforceable trust agreement. The action being one of equitable cognizance, we have carefully read the entire record and weighed the evidence and have reached the conclusion that the decree of the trial court was in all respects a correct and proper one and the only decree permissible under the plead-

ings and evidence of the parties. In view of such condition, this court will not disturb the judgment of the trial court.

Judgment affirmed.

CORN, C.J., GIBSON, V.C.J., and BAYLESS, HURST, DAVISON, and ARNOLD, JJ., concur.