JOHNSON et ux. v. JOHNSON et ux.

No. 33052.    April 12, 1949.

*205 P. 2d 314.*

Draper Grigsby and John F. Eberle, both of Oklahoma City, for plaintiffs in error.

C. C. Andrews, of Oklahoma City, for defendants in error.

O'NEAL, J.   This is an action commenced in the district court of Okla-homa county by defendants in error against plaintiffs in error, Thad B. Johnson and Marie Johnson and the First National Bank of Bethany, Oklahoma.

Samuel T. Johnson and Lola E. Johnson, the defendants in error and plaintiffs in this action, are husband and wife.  Thad B. Johnson is a son of Samuel T. and Lola E. Johnson, and Marie is his wife.  Mary G. Johnson, now Brown, is the daughter of Samuel B. and Lola E. Johnson and a sister of Thad B. Johnson.

The-action is to set aside a deed made by Samuel T. and Lola E. Johnson to Thad B. Johnson and a deed made by Mary Johnson to Thad B. Johnson.  The land involved is about 2½ acres, being approximately the north half of the south half of the southeast quarter of the northeast quarter of the southwest quarter of section 27, township 12 north, range 4 west, Oklahoma county, Oklahoma.  The action also involves the ownership of $2,500, the proceeds of a sale of an oil and gas lease covering the five-acre tract here involved.

Plaintiffs in their petition allege that on and prior to December 5, 1938, they were the owners in fee simple and in possession of five acres of land, the south half of the southeast quarter of the northeast quarter of the southwest quarter of section 27, township 12 north, range 4 west in Oklahoma county, Oklahoma, and that shortly before that date defendant Thad B. Johnson persuaded plaintiffs to divide said tract of land between their two children, Thad B. Johnson and Mary G. Johnson, now Mary G. Brown, so that their said children at the death of parents would not be required to go to the expense of probating the estate or partitioning the land; that defendants Thad B. Johnson and the sister Mary orally stated, promised and agreed to and with plaintiffs that if plaintiffs would put the title to said land in them, they, Thad B. and Mary G. Johnson, or either of them, would, if required by plaintiffs, re-

convey said property or any part thereof to plaintiffs or to anyone whom plaintiffs might request, and that plaintiffs should have the possession, use and occupancy, together with rents, revenues, royalty monies and mineral lease money, and any other income from said land during the lives of plaintiffs or either of them, and that in the event of the sale or lease of said property plaintiffs were to have the entire proceeds of the sale or lease; that believing in and relying upon said statements, promises and agreements, plaintiffs, on December 5, 1938, executed and placed of record a deed conveying to defendant Thad B. Johnson a part of the north half of said five-acre tract, being a tract running west from the east line of said five acres, 300 feet and 150 feet wide, subject to a mortgage of $1,000 then against said parcel, which defendant Thad B. Johnson assumed and agreed to pay; and at the same time plaintiffs executed and placed of record a deed conveying the balance of said five-acre tract to their daughter, Mary G. Johnson, subject to a mortgage of $1,600, which Mary G. Johnson assumed and agreed to pay; that no consideration was paid for either of said deeds and that the mortgages for $1,000 and $1,600, respectively, were afterwards paid and satisfied by plaintiffs; that thereafter, at the request of defendant Thad B. Johnson, plaintiffs requested their said daughter Mary G. Johnson to execute a deed conveying the balance of the north 150 feet of said five-acre tract to Thad B. Johnson and that such a deed was executed by Mary G. Johnson and placed of record by plaintiffs; that thereafter, about January 15, 1945, plaintiffs leased said five-acre track for oil and gas purposes to the Phillips Petroleum Company for the consideration of $2,500, and that pursuant thereto their said son and daughter executed and delivered the lease and that a check for $2,500 in payment for the lease was given by the Phillips Petroleum Company payable to Thad B. Johnson and Mary G. Johnson; that said check was endorsed by them and delivered to plaintiffs. Shortly thereafter defendant Thad B. Johnson notified said bank not to cash said check and pay the proceeds thereof to plaintiffs, all of which said defendant bank refused to do; that defendant Thad B. Johnson is claiming all right, title and interest in and to said real estate standing in his name to the exclusion of plaintiffs and in direct violation of his promises and agreements with plaintiffs, and in breach of the confidence reposed in him by plaintiffs and is likewise claiming the proceeds of said check or a part thereof. Plaintiffs further alleged that said defendant Thad B. Johnson never intended to keep, observe and perform any of his statements, representations and promises when made and that same were made by said defendant with a fraudulent design, intent and purpose of having said title placed in him by plaintiffs without any consideration. Their prayer was for a decree declaring the existence of a constructive trust in favor of plaintiffs against defendant Thad B. Johnson and canceling said deeds of record and quieting title in plaintiffs and for judgment for the $2,500 held by said bank.

Defendant bank answered admitting it held the $2,500 and that had it not been a party defendant it would have come in as an interpleader, and that it did not claim any interest in said money but stands able, ready and willing to pay the proceeds of the check to whomever the court may adjudge to be entitled thereto, or pay the same into court if ordered so to do.

Defendant Mary G. Johnson filed no pleading. Defendants Thad B. Johnson and Marie Johnson answered in the nature of a general denial, but later filed an amended answer and still later an amended answer and cross-petition. The amended answer after a general denial alleged in substance that, in 1923, the last will and testament of J. E. Bramble, the grandfather of the defendant Thad B. Johnson, was admitted to probate in Cooke county, Texas,

and that therein defendant Thad B. Johnson was devised three pieces of property located in Gainesville, Texas, describing it; that under said will Lola E. Johnson, the mother of Thad B. Johnson, was appointed executrix without bond, and as such executrix she took over the management of all of the property mentioned in said will, including that of defendant Thad B. Johnson; that thereafter plaintiff Lola E. Johnson, together with Samuel Johnson, managed said property, collected all of the rents and profits therefrom; that defendant Thad B. Johnson was at the time of the appointment of said executrix a minor; that plaintiffs and each of them represented to defendant Thad B. Johnson that under the will the mother, Lola E. Johnson, had the right and power to manage and control said property during her lifetime, all of which was false and untrue and was fraudulently made with the intent to mislead defendant Thad B. Johnson; that he, relying on said statements and representations and believing them to be true, permitted plaintiffs to take the rents and profits from his said property to use and manage as they might see fit, and thereafter plaintiffs induced defendant Thad B. Johnson to sign deeds deeding away each and every piece of property devised to him under said will and that plaintiffs kept and retained all of said rents and the proceeds of said sales and had never accounted to said defendant therefor; thereafter plaintiffs and each of them, as a gift and advancement and in part payment, settlement and restitution to defendant Thad B. Johnson for the money so held by them, by warranty deed conveyed to said defendant the tract of land first described in the petition of plaintiffs; that thereafter, on June 5, 1943, as an additional gift and advancement and in part payment and restitution to said Thad B. Johnson, plaintiffs procured their daughter, Mary G. Johnson, to execute the deed conveying the balance of the north half of said five-acre tract to defendant Thad B. Johnson; that said defendant did not learn until on or about March 5, 1945, that the representations made to him concerning the power of plaintiffs to manage and control defendant's property in Texas were false and untrue; that after learning the truth concerning said matters defendant Thad B. Johnson refused to sign any further papers concerning any of the property or proceeds thereof. They further alleged that the promises, statements and agreements claimed by plaintiffs to have been made by defendant Thad B. Johnson were not in writing and were not evidenced by any written instrument or memorandum, and if made would be in violation of and contrary to the statutes of fraud governing conveyances of real property and the statute of uses and trusts. They further alleged by reason of the acts and conduct of plaintiffs as above set forth, plaintiffs did not come into court with clean hands and are not entitled to equitable relief.

By cross-petition defendants by reference re-alleged all of the allegations set forth in their amended answer and alleged that by reason thereof they were the legal and equitable owners of the property here involved and are entitled to all of the rents, royalties, profits and lease monies from said premises. They pray for judgment quieting their title to said property and that they be paid all royalties and lease monies due, received or held by plaintiffs or said bank.

Plaintiffs by reply denied all of the allegations of the amended answer except such as were specifically admitted. They admitted all of the allegations of the amended answer in paragraphs one to four thereof, inclusive, that is, the probate of the will of J. E. Bramble, the correctness of the copy thereof, and that by the terms of said will defendant Thad B. Johnson was devised the three pieces of property described therein located in Gainesville, Texas, and that under the terms of said will Lola E. Johnson was appointed executrix thereof without bond,

and that after admission of said will to probate Lola E. Johnson as executrix undertook the management of all of the property mentioned in said will including that of defendant Thad B. Johnson. Plaintiffs by further reply alleged that they did manage said property and collect the rents therefrom and applied the same in paying the expenses, upkeep, repairs and taxes on said property; that the rents were insufficient to pay said expenses of upkeep, repairs and taxes, and that from time to time said Lola E. Johnson advanced from her own personal funds additional monies for the payment of such taxes, expenses, etc. They further alleged that defendant Thad B. Johnson became of age in 1925, and that on March 12, 1931, he made, executed and delivered a warranty deed conveying all of his right, title and interest in and to the said property in Gainesville, Texas, to plaintiff Lola E. Johnson for the express consideration of $10 and love and affection. A copy of said deed was attached to and made a part of the reply.

The issues were tried to the court without a jury, resulting in a decree declaring the First National Bank of Bethany to be in a position of an interpleader and holding the $2,500, the proceeds of the check of the Phillips Petroleum Company, subject to the judgment of the court. As between plaintiffs and defendant Thad B. Johnson, the court found the issues generally in favor of the plaintiffs, and that defendants Thad B. Johnson and Marie Johnson had no right, title or interest in and to the check held by said bank, and that defendant Marie Johnson had no right, title or interest in or to the real property involved. The court further found that as between plaintiffs and defendant Thad B. Johnson, there was a resulting or constructive trust to the effect that plaintiffs should hold the legal title to the property involved and that plaintiffs should together hold the beneficial interest during their lifetime and upon the death of either plaintiff

the survivor should continue to hold such beneficial interest during the lifetime of such survivor; and that plaintiffs or the survivor of them should have the right of occupancy and take all of the rents, income and profits therefrom including the right to lease for oil and gas and to receive all lease bonuses, delayed rentals, royalties and benefits during the lifetime of the plaintiffs and the survivor of them, but that upon the death of both plaintiffs all the legal title together with all the benefits and interests, including all oil and gas rights or benefits thereafter accruing, should vest absolutely in defendant Thad B. Johnson.

In effect, the decree refused to cancel the deeds conveying the property to defendant Thad B. Johnson, but gave plaintiffs the right to possession and all income during the lives of plaintiffs and the successor of them. Defendant Thad B. Johnson and Marie Johnson appealed.

All the assignments of error relied upon are presented under one proposition: That the court erred in holding that defendant Thad B. Johnson took title to the real property involved as a trustee of the resulting or constructive trust, in that said agreement was not in writing; and that said decree was not supported by competent evidence and was contrary to the statute of frauds and the statute of uses and trusts.

The principal contention appears to be that the decree is contrary to the provisions of 60 O.S. 1941 §§136 and 172.

60 O.S. 1941 §136 provides:

"No trust in relation to real property is valid, unless created or declared:

"1. By a written instrument, subscribed by the grantor or by his agent thereto authorized by writing.

"2. By the instrument under which the trustee claims the estate affected; or,

"3. By operation of law."

60 O.S. 1941 §172 provides:

"No such express trust shall be valid unless created, first, by a written instrument subscribed by the grantor or grantors duly acknowledged, as conveyances of real estate are acknowledged, and recorded in the office of the county clerk of each county wherein is situated any real estate conveyed to such trustee, as well as in the county where the principal property is located or business conducted; or second, by a will duly executed, as required by the law of the state. Such express trusts shall be limited in the duration thereof either to a definite period of not to exceed twenty-one (21) years, or to the period of the life or lives of the beneficiary or beneficiaries thereof. The instrument creating the trust shall specify the period of duration thereof within the limitations herein provided."

Trusts of two kinds may arise by operation of law: (1) a constructive trust; (2) a resulting trust. No writing is required to create either.

There is nothing in either of the deeds to defendant Thad B. Johnson to indicate that right of possession or the right to the rents, profits, income, royalties, etc., from the property involved, was to be retained or go to plaintiffs or the survivor of them during their lifetimes. It is well settled that a resulting trust arises by operation of law where the legal estate in property is disposed of, conveyed or transferred, but the intent appears or is inferred from the terms of the disposition, or from accompanying facts and circumstances, that the beneficial interest is not to go or be enjoyed with the legal title. Maynard, Ex'r, v. Central Nat. Bank of Okmulgee, 185 Okla. 272, 91 P. 2d 653; Morton v. Williams, 190 Okla. 374, 123 P. 2d 960; Maynard v. Taylor, 185 Okla. 268, 91 P. 2d 649; Fibikowski v. Fibikowski, 190 Okla. 152, 121 P. 2d 304. In the latter case it is held:

"A resulting trust may be established by parol evidence, but the law requires that the proof necessary to establish it should be of the most satisfactory kind. The onus of establishing a resulting trust rests upon him who seeks its enforcement, and before a court of equity will be warranted in making a decree therefor, the evidence must be clear, unequivocal, and decisive."

Under the rules there stated the burden was upon plaintiffs to prove their contention that they were and are entitled to receive the rents, profits, royalties, etc., from said premises during their lifetime. The trial court found those issues in favor of plaintiffs. The question is whether the evidence is sufficient to sustain that finding and whether the proof is clear and of the most satisfactory kind.

The evidence without substantial conflict shows that plaintiffs acquired the five-acre tract, the north part of which is here involved, in 1928; that in 1934, plaintiff Lola E. Johnson, who then lived in Oklahoma City, fell and broke her hip. She was in a hospital for a long period of time and it was uncertain whether or not she would recover. After her release from the hospital she was obliged to use crutches for a number of years. While she was in the hospital defendant Thad B. Johnson suggested to her that she should get her property in such shape so that in the event of her death her property interests would be cared for and suggested that a part of the title of said five-acre tract should be placed in his name and title to the other part thereof should be placed in the name of the daughter, Mary G. Johnson, and that would save time, trouble and expense of probating the estate. Nothing was done at the time and the matter dragged along until about 1938. In the meantime there were many discussions along that line, in a number of which defendant Thad B. Johnson urged that title to said tract be transferred as above stated. In one of these discussions, about February, 1938, the plaintiff Lola E. Johnson advised defendant Thad B. Johnson that she and her husband had decided to put the record title of said five-acre tract in the name of her chil-

dren, Thad B. Johnson and Mary G. Johnson, and had decided to put the title to the north part in defendant Thad B. Johnson and the title to the south part in Mary G. Johnson, but that neither would have any present interest or right in and to said property during the lifetime of plaintiffs and that plaintiffs would continue to have possession and take all the rents, income and profits therefrom as long as plaintiffs lived. At that time plaintiffs were living in an upstairs apartment in Oklahoma City, the plaintiff Lola E. Johnson was still unable to walk without the aid of crutches. About that time defendant Thad B. Johnson suggested that the plaintiffs build a house on the five-acre tract and move there to live. About June, 1938, plaintiffs advised said defendant Thad B. Johnson that they had decided to build a dwelling house on that part of the tract to be placed in the name of the daughter, Mary G. Johnson. Said defendant Thad B. Johnson was dissatisfied with that arrangement and insisted that the house be built on that part of the tract to be placed in his name. As a result plaintiffs built a four-room house on that part of the tract which was placed in the name of Thad B. Johnson and moved into the house where they have lived ever since. About December, 1938, plaintiffs executed and placed of record the deed conveying the east 300 feet of the north half of said tract to defendant Thad B. Johnson and also executed and placed of record the deed conveying the balance of said tract to Mary G. Johnson. At that time there was a mortgage of $1,000 on that part of the tract deeded to Thad B. Johnson and a mortgage of $1,600 against that part of the tract conveyed to the daughter, Mary G. Johnson. The deeds provided that the grantees assume and agree to pay and discharge the respective mortgages. Defendant Thad B. Johnson was dissatisfied with that arrangement and insisted that he should have all of the north 150 feet or the north one-half of said five-acre tract. As a result the

second deed was executed and placed of record whereby Mary G. Johnson conveyed the north 150 feet of said five-acre tract to Thad B. Johnson. At that time there were two houses on that part of the tract which was in the name of Mary G. Johnson. Mary G. Johnson had married and she and her husband lived in one of the houses on the south part of said tract and the other house was rented. Defendant Thad B. Johnson then lived in Denver, Colorado. Soon thereafter he and his wife moved to Oklahoma with the understanding and agreement that they should live in the house on the south part of said tract, then occupied by a tenant, as soon as the tenant could be removed. In the meantime, Thad B. Johnson and his wife moved into and lived in the house with plaintiffs on the north part of said tract for a few weeks. When the tenant moved out defendant and his wife moved into the house on the south part of said tract where they have ever since lived. Defendant Thad B. Johnson and his wife and the daughter, Mary G. Johnson, and her husband, paid rent to plaintiffs down to the time this controversy arose. In the meantime plaintiffs paid off both the mortgages covering said land and paid all taxes, upkeep and insurance on the property.

About January, 1945, the five-acre tract had become valuable for oil and gas purposes. A proposition to lease the land came from the oil company. The representative of the oil company first went to defendants Thad B. Johnson and Mary G. Johnson, now Brown, and made an offer of $2,500. They referred the representative of the oil company to the plaintiffs. The offer of $2,500 was acceptable to plaintiffs, whereupon the lease was prepared and executed by defendant Thad B. Johnson and Mary G. Johnson. The lessee gave a ten-day draft in the sum of $2,500 in payment for the lease. The draft was endorsed by them and delivered to plaintiffs. Plaintiffs then endorsed the draft and deposited it with the defend-

ant bank for collection. Before collection was made and credit given to plaintiffs, defendant Thad B. Johnson notified the bank not to pay all the proceeds to plaintiffs. At the same time he advised plaintiffs that he was claiming title to that part of the tract standing in his name and demanded a part of the proceeds of said draft, whereupon plaintiffs commenced this action.

There is evidence to the effect that plaintiffs did take control of and manage defendants' property in Gainesville, Texas, and had never paid anything to said defendant Thad B. Johnson for or on account of rents collected, etc., and that they finally sold a part of said property and later traded the other part for a farm in Oklahoma which they still own. But there is also evidence to the effect that the income and rents from the Gainesville property were insufficient to pay the taxes, upkeep and insurance on the property, and that plaintiff Lola E. Johnson paid the deficit out of her own funds. There is further evidence that defendant became of age in 1926, and that shortly thereafter plaintiff Lola E. Johnson offered to turn all of the Gainesville property devised to defendant Thad B. Johnson over to him; that he then stated that he did not want to take charge of it because the income therefrom was insufficient to pay the taxes and upkeep, etc.; that plaintiff Lola E. Johnson continued to control the rents therefrom, pay the taxes, etc., for about five years thereafter, or until March 12, 1931, at which time, when he was about 26 years of age, defendant Thad B. Johnson made and executed a deed conveying all of his right, title and interest in and to the Gainesville property acquired by him under the will of J. E. Bramble to his mother Lola E. Johnson. The consideration expressed in that deed is " . . Ten and No/100 ($10.00) Dollars. . . and the further consideration of the love and affection which I have for the said Lola Johnson, mother of Thad B. Johnson. . . " From the record as a whole there is

abundant, clear, unequivocal, convincing and decisive evidence to sustain the finding of the resulting trust as to the possession, rents, profits, income, and royalties found and decreed by the trial court. The fact that defendant Thad B. Johnson for seven or eight years paid rent to plaintiffs and that he never paid any part of the mortgage against the property which he is now claiming, and never paid any taxes or insurance thereon, and permitted plaintiffs to live in a house on that part of the land which he is claiming without any claim of rent from them, is most convincing evidence against him. That part of plaintiffs' claim of the promise to reconvey and for cancellation of the deed is clearly within the statute of frauds. The trial court apparently recognized that fact and declined to decree cancellation of the deeds in question, and declined to require defendant Thad B. Johnson to reconvey the property to the plaintiffs. Said deeds are left effective subject to the resulting trust as to possession, rents, profits, etc., during the lifetime of plaintiffs or the survivor of them.

Affirmed.

DAVISON, C.J., and WELCH, CORN, and HALLEY, JJ., concur. ARNOLD, V.C.J., and GIBSON and LUTTRELL, JJ., concur in conclusion.