## POE et al. v. POE.

No. 35116. May 27, 1952.

Rehearing Denied Aug. 5, 1952.

Application for Leave to File Second Petition for Rehearing Denied April 28, 1953.

*256 P. 2d 153.*

Hulsey & Hulsey, McAlester, for plaintiffs in error.

Bell & Tucker, McAlester, for defendant in error.

GIBSON J. Plaintiff in the trial court (defendant in error here) is the son of defendant M. M. Poe and the brother of defendant Colbert Poe. In his petition plaintiff alleged that he was the equitable owner and in possession of certain described real estate in Pittsburg county, subject to specified encumbrances; that the record fee-simple title to the land was vested in defendants by virtue of deed dated April 24, 1950, but in truth and in fact the said defendants merely held the record title in trust for plaintiff. It is further alleged that on said date plaintiff was to purchase the land from the former owners and his mother agreed to loan plaintiff the money to make the initial payment for the land and that defendants were to take the deed to the property as security for the loan to plaintiff to be paid on or about November 15, 1950, at which time plaintiff was to assume the purchase price mortgage on the property in the sum of $1,300, and defendants were to convey to the plaintiff; that relying upon representations of defendants, who were in confidential relationship with plaintiff, the plaintiff took possession of the property and made valuable, permanent improvements thereon. Plaintiff further pleads a timely tender of the sum due and offered to assume the existing mortgage, to which arrangement mortgagee had consented, but that defendants wrongfully fail and refuse to carry out said trust agreement. Plaintiff prayed judgment declaring him to be the owner and directing that defendants convey to plaintiff by warranty deed, subject to the encumbrances, and in event of failure of defendants to comply with said judgment that a sheriff's deed be ordered.

Defendants' answer contains general and specific denials, also allegations that they were the owners, as joint tenants, of the fee title, under a warranty deed, a copy of which was attached to the answer.

C. D. Hall, a resident of Arizona, was former owner of the involved farm lands. Through his authorized agent at McAlester the land was leased to plaintiff for the year 1950, at a cash rental of $200, which plaintiff paid. It was orally agreed that if plaintiff should elect to purchase the land prior to July 1, 1950, the purchase price was to be $2,500, but plaintiff would be given credit for his rental payment. Later, Hall withdrew the property from his agent's listing and notified plaintiff that he himself would handle the transaction. Plaintiff advised that he desired to purchase and Hall wrote to plaintiff stating his price and terms. The offer was accepted by plaintiff in a reply letter, and on April 24, 1950, Hall and his wife went to McAlester. There they met plaintiff and his mother, M. M. Poe, in the office of Hall's attorney.

408

The evidence is in conflict as to the representations and understandings of the parties on that occasion, but as a result of the conference Hall and wife executed a warranty deed to defendants as joint tenants. Defendant M. M. Poe paid Hall the sum of $1,000, and later defendants executed a note and mortgage on the property for $1,300, the balance of the agreed purchase price.

The trial court rendered judgment for plaintiff, finding him to be the equitable owner and in possession of the property, subject to specified encumbrances, and further found that defendants held the legal title in trust for plaintiff, conditioned on plaintiff's payment to defendants of $1,000, with interest and taxes theretofore advanced by defendants. Defendants were ordered to execute and deliver to plaintiff their warranty deed to the premises subject to encumbrances set forth in the judgment.

Defendants contend that the evidence upon which plaintiff relies for creation of a trust is not clear, strong and unequivocal citing the rule stated in Hayden v. Dannenberg, 42 Okla. 776, 143 P. 859, as follows:

"A constructive trust may be established by parol evidence, but the law for the safety of titles requires that the proof should be of the most satisfactory and trustworthy kind. The onus of establishing a constructive trust rests upon him who seeks its enforcement, and before a court of equity will be warranted in making a decree therefor, the evidence must be clear, unequivocal and decisive."

In the main, conflict in the evidence arises as to the representations and agreements of the parties in the conference had on April 24, 1950, when the instruments involving the title were drawn and executed. Defendant Colbert Poe was not present at the conference. Plaintiff's testimony was flatly disputed by defendant M. M. Poe. But plaintiff was corroborated by the attorney who drew the deed, and his

two office employees, and in part at least by the grantor, Hall. The trial court observed all of the witnesses on the witness stand and was in position to judge their credibility. A mere conflict in the testimony of witnesses will not render the evidence unclear or indecisive. We have reviewed the record and we cannot say that the evidence, considered in its entirety, was violative of the rule requiring that evidence to establish a trust must be clear, unequivocal and decisive.

There is evidence that M. M. Poe stated that she was buying the property for plaintiff. She denied making the statement.

"Although a simple avowal of acquisition for the use of another, whether made contemporaneously with or subsequent to the fact, will not of itself support an allegation of trust, yet it is equally well settled that if one can be induced to confide in the promise of another that he will hold in trust, or that he will so purchase for one or both, and is thus led to do what otherwise he would have forborne or to forbear what he contemplated to do in the acquisition of an estate whereby the promisor becomes the holder of the legal title, an attempted denial of the confidence is such a fraud as will operate to convert the purchaser into a trustee ex maleficio." Raper v. Thorn, 202 Okla. 235, 211 P. 2d 1007.

Under the testimony it is clear that owner Hall went to McAlester to sell the property to plaintiff, who had accepted his offer of sale. Hall testified that at no time had he received any correspondence from defendants regarding the purchase of the farm. The testimony reveals that plaintiff could have financed the purchase by a sacrificial sale of his livestock, which were not then ready for market.

Plaintiff and his mother conferred with Hall in the attorney's office. All witnesses, except the mother, understood that she was to advance the sum of $1,000 as a loan to plaintiff, the same to draw interest to be repaid in the fall of 1950. All understood that the

rental payment theretofore made by plaintiff was to be applied on the purchase price. At the suggestion of M. M. Poe the deed was made to herself and son Colbert as joint tenants to avoid any possible difficulty with plaintiff's wife in event of his death, but the witnesses understood that defendants were to convey to plaintiff when the loan was paid, and that the deed was taken as security.

Relying upon their agreement plaintiff made permanent improvements upon the property, which he would not have made as a tenant. He made a timely tender of payment of the loan and that tender was refused. Plaintiff testified that defendants Colbert Poe told him that defendants had received an offer of about double the purchase price paid. Colbert denied that statement. Regardless of the true reason, the attitude of defendants had undergone a change from that shown when the deal was closed, and defendants now intended to keep the property as their own. Relying upon his mother's promises plaintiff had changed his position to his detriment. He had forborne his opportunity to acquire his title directly from the seller with whom he had negotiated for purchase of the farm. A court of equity will come to his aid. Powell v. Adler, 69 Okla. 291, 172 P. 55; McCaleb v. McKinley, 80 Okla. 38, 194 P. 105.

A finding and decree by the trial court of existence of a trust, although based on oral evidence, will not be disturbed, on appeal, where the evidence with reference thereto is clear, convincing and decisive. Johnson v. Johnson, 201 Okla. 268, 205 P. 2d 314. We hold the evidence in this case to be of that type and character.

Affirmed.

HALLEY, V. C. J., and WELCH, CORN, DAVISON, JOHNSON, O'NEAL and BINGAMAN, JJ., concur.