GAINES et al. v. GAINES.

No. 34584. Dec. 16, 1952.

Rehearing Denied Jan. 6, 1953.

*251 P. 2d 1044.*

Nesbitt & Nesbitt and H. G. E. Beauchamp, Miami, and Thompson & Roberts, Joplin, Mo., for plaintiffs in error.

A. C. Wallace, John R. Wallace, and Ben T. Owens, Miami, for defendant in error.

620

GIBSON, J. Plaintiffs are the only children of W. H. Gaines, deceased, and defendant is the mother of deceased. In plaintiffs' petition it is alleged that prior to June 6, 1942, W. H. Gaines was the owner of an undivided one-seventh interest in a partnership known as "Gaines Brothers", and on said date he executed and delivered a written assignment transferring and conveying his entire, undivided interest in said partnership and its assets to defendant. That concurrently with the execution of the assignment it was verbally agreed between the parties that defendant would hold said interest for the benefit of the assignor, during his lifetime, and for the plaintiffs, his children, after his death. Plaintiffs prayed judgment declaring that defendant held title to said interest for the sole use and benefit of plaintiffs as cestui que trust and that she be ordered to convey the interest to plaintiffs.

At the conclusion of the trial the court made extended findings of fact and conclusions of law and entered judgment holding that the allegations of plaintiffs' petition were not supported by the evidence and the plaintiffs take nothing and awarding costs to defendant. Plaintiffs appeal.

Numerous assignments of error are presented under three propositions in plaintiffs' briefs.

It is first said that the court erred in admitting, over plaintiffs' objections, the testimony of A. L. Commons, who prepared the assignment as Gaines' attorney and the testimony of Commons' stenographer who typed the instrument. Both witnesses testified as to statements made by deceased during the preparation of the assignment to the effect that he had already taken care of his children; that they had cost him a lot of money and that he desired to make the assignment as a gift to his mother, who was getting up in years, and that he wanted to take care of her.

Plaintiffs say that admission of this testimony was error under Tit. 12 O.S. 1951 §385, which provides:

"The following persons shall be incompetent to testify: * * * (4) An attorney, concerning any communications made to him by his client, in that relation, or his advice thereon, without the client's consent."

Plaintiffs say that when the privilege has not been waived, the incompetency of an attorney as a witness has been uniformly recognized by this court, and cite Jayne v. Bateman, 191 Okla. 272, 129 P. 2d 188; Wolverine Oil Co. v. Parks, 79 Okla. 318, 193 P. 624; Brown v. State, 9 Okla. Cr. 382, 132 P. 359; Pearson v. Yoder, 39 Okla. 105, 134 P. 421; Evans v. State, 5 Okla. Cr. 643, 115 P. 809. The cited cases are inapplicable because of factual differences. An attorney is not an incompetent witness in all cases. This statutory rule on privilege, like other rules, has its exceptions.

In the case of In re Wilkins' Estate, 199 Okla. 249, 185 P. 2d 213, we held that an attorney who prepared a will and signed it as an attesting witness is not prohibited from testifying for the reason that decedent made his will with knowledge that it was to be published and that he impliedly consents that his attorney may testify in order to establish the fact that the will expressed his wishes.

In the instant case decedent, after execution of the assignment, immediately published the same by mailing copies to the other partners, and he acknowledged the instrument so that it could have been recorded.

The parties all claim under the assignment of W. H. Gaines, a deceased person; the mother asserting that the assignment was an absolute conveyance, without limitation, while plaintiffs claim under the same assignment, asserting that it was given under such circumstances as to create a resulting trust in their favor. Under such cir-

cumstances the true rule with reference to privilege is stated in 70 C.J. 438, §587, as follows:

"It is generally considered that the rule of privilege does not apply in litigation, after the client's death, between parties, all of whom claim under the client; and, so, where the controversy is to determine who shall take by succession the property of a deceased person and both parties claim under him, neither can set up a claim of privilege against the other as regards the communications of deceased with his attorney."

"In a contest between heirs or next of kin, communications of the ancestor to an attorney who drew a will or similar document are not privileged." Glover v. Patten, 165 U.S. 394, 41 L. Ed. 760.

We find no error in the ruling of the trial court that the attorney who drew the assignment was a competent witness, and the same ruling would apply to the competency testimony of the attorney's secretary.

The remaining contentions of plaintiffs have to deal with the weight of the evidence. It is said that the finding that the assignment from W. H. Gaines to his mother was an unlimited and unconditional gift to his mother and the finding and conclusion that defendant was not a resulting trustee, holding the legal title for her son during his life and for plaintiffs after his death, were all against the clear weight of the evidence.

In making these contentions plaintiffs are confronted with two well established rules of law, one with reference to the burden and quality of proof required to establish a resulting trust, and secondly that in cases of equitable cognizance the judgment of the trial court that plaintiffs have not met their burden of proof will not be set aside unless clearly against the weight of the evidence.

We have reviewed this record. The testimony is in conflict, as is usually the case in controversies of this character. In their briefs the parties have cited many cases in support of their respective arguments. In the final analysis of such authorities we come to the inevitable conclusion that each such case, being of equitable cognizance, must stand or fall on its own facts. A detailed review of several hundred pages of testimony would unduly extend this opinion.

The trial court found from the evidence that, when the assignment was executed, W. H. Gaines was an intelligent business man, 56 years old, and fully understood the import of his act; that he caused copies of the assignment to be mailed to all members of the partnership and personally delivered the original to the assignee; that it was his intention to convey his entire interest in the partnership, without limitation, condition or restriction, and that he did not at any time, by word or act, express or imply an intention to impose any type or kind of trust on the interest conveyed; that the consideration was love and affection, he being fearful that he would dissipate the property in drinking, but believed that his mother would care for him, and that he had amply provided for his children; that, subsequent to the assignment, defendant had caused the partnership to advance such sums of money as he might reasonably need, which sums, when he was not working for the partnership, were charged to defendant's account; and that such withdrawals continued until the death of Gaines December 22, 1947. The court found that plaintiffs had failed to prove the facts alleged in their petitions by evidence which is clear, unequivocal, decisive or convincing.

As a matter of law the court concluded that the assignment conveyed both the legal and equitable title to the one-seventh interest; that said assignment was without limitation or restriction and that no trust of any character resulted in plaintiffs' favor and that plaintiffs take nothing by this action.

622

On its face the assignment was one without restrictions or limitations. With reference to the proof required to establish a resulting trust, by parol evidence, in contradiction of a valid conveyance, this court said, in Fibikowski v. Fibikowski, 190 Okla. 152, 121 P. 2d 304:

"The attempted contradiction of a valid devise, like an attempt to impeach a validly executed deed as proof of the transfer of both the equitable and legal title to real estate, is not favored by the law. The presumptions to be indulged are in favor of a complete grant, and a high standard. of proof is required to overcome such presumptions. In connection with the creature of equity by which plaintiff attempts to accomplish such an object, the following was said in Babcock v. Collison et al., 73 Okla. 232, 175 P. 762, and quoted with approval in Gaines v. Gaines, 176 Okla. 576, 56 P. 2d 869:

" 'A resulting trust may be established by parol evidence, but the law requires that the proof necessary to establish it should be of the most satisfactory kind. The onus of establishing a resulting trust rests upon him who seeks its enforcement, and before a court of equity will be warranted in making a decree therefor, the evidence must be clear, unequivocal, and decisive.' "

The same rule is announced in Ward, Adm'r, v. Ward, Adm'x, 197 Okla. 551, 172 P. 2d 978; Hall v. Pearson, 203 Okla. 221, 219 P. 2d 617; Johnson v. Johnson, 201 Okla. 268, 205 P. 2d 314.

As above noted, the evidence in this case was conflicting and in our review of the record we cannot say that plaintiffs sustained their burden of proof or that they established the allegations of their petition by evidence that was clear, unequivocal or decisive.

In O'Neal v. Upton, 202 Okla. 403, 214 P. 2d 712, we said:

"In cases of equitable cognizance the appellate court will examine and weigh the evidence, but the findings and judgment of the trial court will not be disturbed on appeal unless it appears that such findings and judgment are clearly against the weight of the evidence."

The judgment of the trial court was not clearly against the weight of the evidence in the instant case. It was sustained by competent evidence.

Affirmed.

HALLEY, V. C. J., and WELCH, CORN, DAVISON, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur.