Clarence H. POWELL, Plaintiff in Error,

v.

Henry CHASTAIN, Defendant in Error.

No. 37687.

Supreme Court of Oklahoma.

Nov. 26, 1957.

Guy A. Curry, Stigler, Bonds & Langley, Muskogee, for plaintiff in error.

Bob Perdue, Wilburton, and M. C. Spradling, Tulsa, for defendant in error.

WILLIAMS, Justice.

This action was brought by Clarence H. Powell, hereinafter referred to as plaintiff, against Henry Chastain, hereinafter

referred to as defendant, to recover an undivided one-half interest in and to certain described lands situated in Haskell County, Oklahoma.

The trial court sustained an objection to the introduction of any testimony on behalf of plaintiff for the reason that the petition and the facts therein contained wholly failed to state a cause of action in favor of the plaintiff and against the defendant, and when plaintiff did not elect to amend his petition, the court dismissed the action. Plaintiff has perfected this appeal, and contends that the court erred in sustaining the objection to the introduction of any testimony and in dismissing plaintiff's petition.

The petition filed by plaintiff alleges that plaintiff and defendant entered into an oral agreement providing that the plaintiff and defendant should jointly purchase certain described lands; that defendant should supply the consideration therefor and that said lands should be owned and held by both plaintiff and defendant as tenants in common, until a satisfactory sale of same could be made, acceptable to both parties; that out of the proceeds of the sale of the said land the defendant should be reimbursed for the sums paid therefor and the remainder divided between the parties in equal shares; that on May 23, 1955, unknown to the plaintiff, the defendant purchased the land in question from the then owners thereof, taking title thereto in his own name by two deeds, which were recorded; that since the purchase of said lands and the recordation of said deeds defendant has denied and continues to deny that plaintiff has any right, title or interest therein, but asserts sole ownership in himself, to the exclusion of plaintiff. Such petition then prays that plaintiff have judgment against the defendant, finding and decreeing the plaintiff to be the owner of an undivided one-half interest in and to said lands and that defendant be decreed to hold the title to said lands in trust for plaintiff and defendant as tenants in common thereof.

Defendant filed a motion to require plaintiff to make the petition more definite and certain by stating the substance of the alleged oral agreement and to particularly state what functions plaintiff was to perform with reference to the purchase of the lands involved. Defendant also filed a demurrer to such petition. Plaintiff resisted both the motion to make more definite and certain and the demurrer, and both were overruled by the court with exceptions allowed to defendant. Defendant then filed an answer denying the allegations of the petition and affirmatively asserting the failure of the petition to state a cause of action. When the case was called for trial, defendant again asserted the failure of the petition to state a cause of action and the bar of the statute of frauds by objecting to the introduction of any testimony on behalf of plaintiff. The court sustained such motion, but offered to allow plaintiff to amend his petition so as to state a cause of action, which plaintiff refused to do. The court then dismissed the petition.

An objection to the introduction of any evidence is equivalent to a demurrer to the petition. S. J. Groves & Sons Co. v. Oklahoma City, 191 Okl. 276, 129 P.2d 185; Schmeusser v. Schmeusser, 181 Okl. 18, 72 P.2d 378. The question to be determined, then, is whether plaintiff's petition is sufficient to state a cause of action.

Plaintiff cites Preston v. Ross, 201 Okl. 455, 207 P.2d 297, Johnson v. Johnson, 201 Okl. 268, 205 P.2d 314, Nicklas v. Crowell, 205 Okl. 432, 238 P.2d 347, Gaines v. Gaines, 207 Okl. 619, 251 P.2d 1044, and Poe v. Poe, 208 Okl. 406, 256 P.2d 153, and argues that in each of the above cases this court, in construing similar transactions, held that constructive or resulting trusts may be established by parol evidence and, furthermore, that such contracts or agreements are not within the statute of frauds. The above cases cited by plaintiff are indeed authority for the proposition that a constructive or resulting trust may be established by parol evidence, and since such trusts arise by operation of law without the necessity of writing, they are not within the statute of frauds. Such cases do not,

however, determine the question of whether plaintiff's petition herein states a cause of action, which is the question presented by this appeal.

■ 60 O.S.1951 § 136 provides, in effect, that no trust in relation to real property is valid unless created or declared by a written instrument, except those trusts created by operation of law. Trusts created by operation of law are generally referred to as implied trusts, and are of two species, "resulting" and "constructive", which latter are sometimes called "trust ex maleficio". Resulting trusts are those which arise where the legal estate in property is disposed of or acquired, not fraudulently or in violation of any fiduciary duty, but the intent appears or is inferred from the terms of the disposition, or from the accompanying facts and circumstances, that the beneficial interest is not to go to or be enjoyed with the legal title. In such a case, a trust is implied or results in favor of the person for whom the equitable interest is assumed to have been intended, and whom equity deems to be the real owner. Nicklas v. Crowell, supra; McCaleb v. McKinley, 80 Okl. 38, 194 P. 105. The classic example of a resulting trust is a situation wherein a transfer of real property is made to one person, and the consideration therefor is paid by or for another person. Both under the common law rule and under the provisions of 60 O.S.1951 § 137, under such circumstances a trust is presumed to result in favor of the person by or for whom such payment is made. Barnes v. Lynch, 9 Okl. 11, 156, 59 P. 995.

■ Constructive trusts are those raised by equity for the purpose of working out right and justice, where there was no intention of the party to create such relation, and often directly contrary to the intention of the one holding the legal title. All instances of constructive trusts may be referred to what equity denominates "fraud", either actual or constructive, including omissions in violation of fiduciary obligations. If one obtains the legal title to property by fraud or by violation of confidence or fiduciary relationship, or in any other unconscientious manner, so that he cannot equitably retain the property which really belongs to another, equity carries out its theory of a double ownership, equitable and legal, by imposing a constructive trust upon the property in favor of the one who is in good conscience entitled to it, and who is considered in equity as the beneficial owner. McCaleb v. McKinley, supra. In Rollow v. Taylor, 104 Okl. 275, 231 P. 224, the court said:

"'Constructive trusts' are such as are raised by equity in respect of property which has been acquired by fraud, or where, though acquired without fraud, it is against equity that it should be retained by him who holds it."

■ We think it plain that plaintiff's petition does not state a cause of action. Ordinarily, an oral agreement to join in the purchase of land, without more, does not give one party any enforceable right to claim the benefit of the purchase by the other. If such an agreement be viewed as an agreement to transfer an interest in the land to be acquired, it would clearly fall within the statute of frauds and could not be enforced. Bingham v. Worley, 194 Okl. 238, 149 P.2d 253; Raper v. Thorn, 202 Okl. 235, 211 P.2d 1007, 14 A.L.R.2d 1260. Nor could such an agreement be given effect as a promise to hold for the benefit of another, an express trust. Raper v. Thorn, supra. Therefore, unless plaintiff has pleaded accompanying facts and circumstances of such nature as to give rise to either a resulting trust or a constructive trust, no cause of action has been stated. Plaintiff's petition does not allege any accompanying facts and circumstances at all, but simply alleges an oral agreement and a failure of defendant to carry out the alleged oral agreement. It should also be noticed at this point that the agreement as alleged in plaintiff's petition is wholly lacking in mutuality and consideration. There is no allegation whatsoever that plaintiff either had furnished services or money or had agreed to furnish services or money or

had suffered any detriment whatever or had agreed to suffer any detriment. In legal effect, the allegations of plaintiff's petition constitute merely the allegation of a unilateral, gratuitous, oral promise on the part of defendant and a failure to carry out such promise. Obviously, such allegations, without more, do not constitute the allegation of any facts and circumstances which might give rise to either a resulting or a constructive trust. While it is well established that if one can be induced to confide in the promise of another that the latter will hold in trust or will so purchase for one or both, and is thus led to do what otherwise he would have forborne or to forbear what he contemplated doing in the acquisition of an estate whereby the promisor becomes the holder of the legal title, an attempted denial of the confidence is such a fraud as will operate to convert the purchaser into a trustee ex maleficio, it is equally well settled that a simple avowal of acquisition for the use of another, without more, whether made contemporaneously with or subsequent to the fact, will not of itself support an allegation of trust. Raper v. Thorn, supra; McCaleb v. McKinley, supra; Poe v. Poe, 208 Okl. 406, 256 P.2d 153. At 54 Am.Jur. 165, Trusts, sec. 214, it is said:

"Violation of an agreement to purchase for the joint benefit of the parties to the agreement, or of an agreement that one of them shall purchase property and divide it with the other, or resell it and divide the proceeds thereof with the other, does not in itself, apart from circumstances of consideration, raise a resulting trust, although circumstances of fraud or breach of confidence may give rise to a constructive trust. There is no resulting trust in such case where there has been no payment, obligation to pay, or other consideration by the one seeking the enforcement of such trust to his benefit."

At 54 Am.Jur. 182, Trusts, Sec. 240, it is said:

"The general rule is that an oral agreement to join in the purchase of land is not only unenforceable or void, under the statute of frauds, as an express trust in the land, but the agreement or a breach thereof is not in itself such a fraud or abuse of confidence as to give rise to a constructive trust."

In the third paragraph of the syllabus, in Oliphant v. Rogers, 186 Okl. 70, 95 P.2d 887, this court said:

"In order that the doctrine of trusts ex maleficio with respect to land may be enforced under any circumstances, there must be something more than a mere verbal promise, however unequivocal; there must be an element of positive fraud accompanying the promise and by means of which the acquisition of the legal title is wrongfully consummated."

Since plaintiff's petition contains no allegation of his being induced to confide in the promise of defendant that he would purchase the land for both, and no allegation that plaintiff was thus led to do what otherwise he would have forborne or to forbear what he contemplated doing in the acquisition of such land, and since there is no allegation on the part of plaintiff of payment, obligation to pay, or other consideration, and since there is no allegation of fraud or abuse of confidence, it is apparent that plaintiff's petition does not state a cause of action. Under such circumstances the court should have properly sustained the demurrer to the petition and, failing to do so, correctly sustained the objection to the introduction of any evidence thereunder. Schmeusser v. Schmeusser, supra.

Judgment affirmed.

HALLEY, JOHNSON, BLACKBIRD and JACKSON, JJ., concur.

WELCH, C. J., and CORN, V. C. J., dissent.