EDWARDS et al. v. STORIE.

No. 33472.    Jan. 10, 1950.

*213 P. 2d 572.*

John M. Luttrell, of Norman, for plaintiffs in error.

T. R. Benedum, of Norman, and Willingham & Fariss, of Oklahoma City, for defendant in error.

O'NEAL, J. This is an appeal from a decree upholding a contract for the sale of real property executed by Porter H. Morgan, purporting to be the agent or representative of the owners, and requiring a subsequent purchaser from the owners to convey to the party with whom the purported agent contracted, and canceling an oil and gas lease given by the subsequent purchaser from the owners.

I. E. Hemmingway died in 1932, seized and possessed of certain property, real and personal, in the State of Oklahoma. Lots Five (5) and Six (6) of Section Twenty-eight (28), Township Ten (10) North of Range Four (4) West of the I.M. in Cleveland County, Oklahoma, became a part of the assets of said estate.

I. E. Hemmingway left a will devising his property to seven nephews and nieces in equal shares. Their names were Elwood N. Hemmingway, Monroe A. Hemmingway, Grant Hemmingway, Emery Hemmingway, Grace Hemmingway Tesar, May Hemmingway Davis, and Linnie Hemmingway Gleason. All of said beneficiaries were residents of the State of Iowa, except Linnie Hemmingway Gleason, who was a resident of the State of Alabama.

The will was admitted to probate in Oklahoma county, Oklahoma, December 5, 1932.

Porter H. Morgan of Oklahoma City, Okla., was named in the will as executor and was appointed by the county court.

During the course of the administration in the county court, three of the beneficiaries, Monroe A. Hemmingway, Emery Hemmingway and Elwood N. Hemmingway assigned their interest in said property to Henry Negus of Iowa City, Iowa, an attorney.

The estate of I. E. Hemmingway was closed by final decree December 18, 1935.

January 9, 1936, Monroe A. Hemmingway, Emery Hemmingway and Elwood N. Hemmingway, by warranty deed conveyed their 3/7 interest in the property here involved to said Negus. On the latter date the other four beneficiaries under the will of I. E. Hemmingway, Grant Hemmingway, Grace Hemmingway Tesar, May Hemmingway Davis, and Linnie Hemmingway Gleason, joined by their respective spouses, executed a power of attorney to said Henry Negus, whereby they made, constituted and appointed said Henry Negus of Iowa City, Johnson county, Iowa,

". . . our true and lawful attorney, for us and in our stead, to bargain and sell, and by warranty or other deed, to grant and convey to such person or persons, at such price or prices, and on such terms of payment as in his judgment may be most advantageous to us, either the whole or any part or parts of real estate owned by us or any of us, including any interest in real estate, located and situated in the State of Oklahoma; . . . To appoint an agent or agents to assist him in the care, control, and management of the property hereinbefore described. Giving and Granting unto our said attorney full power and authority to do and perform each and every act and thing whatsoever required and necessary to be done in and about the premises as fully as we might or could do if personally present. And we hereby ratify and confirm all that our said attorney may lawfully do in the said premises by virtue hereof."

Apparently Negus appointed Porter H. Morgan of Oklahoma City as agent to assist him in the care, control and management of said property. After the execution of said power of attorney, and before any of the transactions involved in this action, Grace Hemmingway Tesar, who owned an undivided 1/7 interest in the land, died intestate, in Iowa, leaving surviving her as her heirs to the property in Oklahoma, her

husband, Frank Tesar, and her six brothers and sisters, the other beneficiaries under the will of I. E. Hemmingway.

July 17, 1943, Porter H. Morgan wrote Henry Negus a letter as follows:

"Mr. Henry Negus
"Attorney-at-Law
"Iowa City, Iowa.

"Dear Mr. Negus:
"I have an offer this morning on the forty acres out southwest of town belonging to the Hemmingway Estate of $50.00 an acre, or $2000.00 for the forty acres. Also have an offer of $2.50 per acre for a ten year oil and gas lease on the place.

"Of course, this $2000.00 is more than we have ever considered the property worth. The best information I have been able to get on it in previous years was that it was worth $1400.00 or $1500.00, possibly $1600.00. Of course, I do not know anything about the oil play out there but if you should decide you wanted to consider that offer, I believe I could easily find out what they are paying for leases out in that vicinity.

"I remain,
"Yours very truly,
"Porter H. Morgan"

August 12, 1943, Negus, in reply to said letter, wrote Moragn as follows:

"Mr. Porter H. Morgan,
"Attorney-at-Law
"705 Ramsey Tower,
"Oklahoma City, Oklahoma.

"Dear Sir:
"I understand you have an offer for the forty acres out southwest of town belonging to the Hemmingway estate, $50.00 per acre or a total of $2,000.00; also that you have an offer for an oil and gas lease of $2.50 per acre for a ten year period.

"I have consulted the heirs and they are willing to accept the $2,000.00 for the sale of the property. They just came in this morning with the acceptance of the offer, and you can close the deal at any time you wish and send us the proper instruments to be signed and they will be signed.

"Grace Tesar is deceased, having died about nine months ago. Her husband's name is Frank Tesar. She left no children. All sums to the amount of $7,500.-00 would go to her husband. There has been no administration of her estate so far and none is contemplated here as she had no property.

"Yours very truly,
"Henry Negus."

August 24, 1943, Porter H. Morgan, purporting to represent the heirs or beneficiaries of I. E. Hemmingway, entered into a contract in writing with H. G. Storie as follows:

"Contract

"This Memorandum Made and Entered Into, this the 24th day of August, 1943, by and between the heirs of the estate of I. E. Hemmingway, deceased, parties of the first part, represented by Porter H. Morgan, and H. G. Storie, party of the second part.

"Witnesseth: That said parties have entered into the following agreement, to-wit:

"That said heirs so represented agree to sell to the party of the second part the following described real estate, situated in Cleveland County, State of Oklahoma, to-wit:

"Lots Five (5) and Six (6), or the Southeast Quarter (SE 1/4) of Section Twenty-eight (28), Township Ten (10) North, Range four (4) West,

at and for the price of $2000.00 cash by good and merchantable title thereto; party of the second part to have Ten (10) days from the delivery of the abstract to him to said property for examination, the deal to be finally closed in thirty (30) days from the date of this contract; parties of the first part to give a good and merchantable title to the party of the second part; and the parties of the first part hereby acknowledges receipt of $100.00 cash as earnest money, the balance of the purchase price, to-wit, $1900.00 to be paid at the time of the delivery of the deed thereto.

"In Witness Whereof, the parties hereto have hereunto set their hand and seal this 24th day of August, 1943.

"Porter H. Morgan
"Representing Parties of
the First Part.
"H. G. Storie
"Party of the Second Part."

H. G. Storie paid Morgan the sum of $100 and Morgan executed a receipt therefor. November 9, 1943, H. G. Storie acknowledged said contract and filed the same for record in the office of the county clerk of Cleveland county. Some ten days before that date, October 27, 1943, Henry Negus, Grant Hemmingway, Frank Tesar, May Hemmingway Davis, and Linnie Hemmingway Gleason joined in a quitclaim deed conveying the real property here involved to Leverett Edwards. Said deed contained a recital that

"(No part of the above described lands have ever been claimed, used or occupied as a homestead by the grantors or any of them.)"

The deed to Edwards was filed for record in the office of the county clerk of Cleveland county November 15, 1943.

November 19, 1943, Leverett Edwards and his wife executed an oil and gas lease covering said land to D. Replogle, which lease was filed for record November 20, 1943.

February 15, 1944, H. G. Storie commenced this action in the district court of Cleveland county against Leverett Edwards and D. Replogle.

The amended petition upon which the cause was tried alleges the death of I. E. Hemmingway and his will, with the beneficiaries above named, the assignments and conveyance of three of said beneficiaries of their interest to Henry Negus, and further alleges that the four remaining beneficiaries, joined by their respective spouses, executed to Henry Negus the power of attorney authorizing him to sell all or any portion of the property which they had received under the will of I. E. Hemmingway and "together with full power to act through an agent or sub-agent." The amended petition then alleged:

"That on or about August 24, 1943, the plaintiff entered into a certain contract in writing with the owners of said authorized agent for the purchase of said property for the sum of $2000.00, a copy of which contract is hereto attached marked exhibit 'A' and made a part hereof; that the said Porter Morgan was authorized in writing by the said Henry Negus to enter into said contract for said owners, that the said writing is not in the possession of plaintiff, but that plaintiff attaches hereto and marks Exhibit 'C' what he believes and therefore alleges to be a true copy thereof and in this connection plaintiff alleges, that the property herein described was the only forty acre tract southwest of town in which Negus and the Hemmingway heirs had any interest.

"That plaintiff paid on said contract price at the time of the execution of said contract, the sum of $100.00."
and further alleged that there was some delay in obtaining an abstract of title, and then

"That plaintiff was from the time of making said contract to this date in full and complete possession of said property and that in addition thereto the said contract of purchase was filed for record in Cleveland County on or about November 9, 1943. Plaintiff says, that prior to the making of said contract, he was in possession of said property and had been since January 1, 1943, as tenant of the owners renting same orally through Morgan and that after making said contract he retained possession under said contract of purchase."

The petition further alleged that defendants, Leverett Edwards and D. Replogle, had actual knowledge of the contract between plaintiff and the former owner, through Porter H. Morgan, and had constructive knowledge of plaintiff's possession of the land, and, after the filing of said contract for record, said defendants had constructive notice by the recordation of said contract. The amended petition then pleads the execution and delivery of the deed from Negus, Grant Hemmingway, May Hemmingway Da-

vis, Linnie Hemmingway Gleason, and Frank Tesar, and the recordation thereof, and then pleads the oil and gas lease from Edwards to Replogle, and the recordation thereof.

The petition then alleges that "at the time of making said contract of purchase, Grace Tesar was dead, which fact was not clearly known to plaintiff until afterward."

The petition then alleged that Frank Tesar, the surviving husband of Grace Tesar, is an heir of said Grace Hemmingway Tesar, and that Grant Hemmingway, May Hemmingway Davis, and Linnie Hemmingway Gleason are also heirs of Grace Hemmingway Tesar, but that plaintiff is not clearly informed whether they are the sole heirs. The petition alleges that plaintiff is and has at all times been willing to perform his part of the contract of purchase and stands ready to take so much of the title as is represented by said deed, and that whatever title passed to Edwards by his deed is subject to plaintiff's contract of purchase, and that Edwards holds the legal title for plaintiff's benefit.

The prayer is that the court determine what portion of the 1/7 interest originally owned by Grace Tesar passed to the above-named grantees, and what portion of the purchase price is deductible by reason of the failure of the title as to such fraction, if any, and that plaintiff have decree of specific performance against said Leverett Edwards, and that the balance of said purchase price be directed paid to said Edwards, or otherwise, as the court may direct, and for a further decree canceling the oil and gas lease of said D. Replogle, and for general equitable relief.

The answer of defendants, Leverett Edwards and D. Replogle, is a general denial, except as to the admissions that Henry Negus, Grant Hemmingway, May Hemmingway Davis, Linnie Hemmingway Gleason, and Frank Tesar executed and delivered to defendant Edwards their deed to the real estate and premises described in plaintiff's amended petition, and that thereafter defendant Edwards executed the oil and gas lease to defendant D. Replogle.

The answer then specifically denied that plaintiff had at any time any valid and enforceable contract for the purchase of said land from the grantors of said Leverett Edwards, or with any of said grantors, and affirmatively alleges that if plaintiff ever had such a contract that same was not in force and effect at the time defendant Leverett Edwards purchased and acquired said land.

The answer then specifically denied that plaintiff was ever in possession of said land other than as a tenant of plaintiff's landlord, the grantors of defendant Leverett Edwards.

The answer then alleges that on October 27, 1943, defendant Leverett Edwards, by deed, acquired the land here involved from the owners thereof, Henry Negus, Grant Hemmingway, May Hemmingway Davis, Linnie Hemmingway Gleason, and Frank Tesar at and for a cash consideration of $2,000 then actually and in good faith paid to said grantors by defendant Edwards, and the answer specifically denies that defendant Edwards at any time prior to the execution and delivery of said deed, and the actual payment of said consideration, had any knowledge or notice of any claim, right, title, or interest in and to said land, or any part thereof, other than as tenant of the grantors of defendant Edwards.

By duly verified amendment, the answer specifically denies that Porter (H.) Morgan was the agent of Monroe A. Hemmingway, Emery Hemmingway, Elwood N. Hemmingway, Grant Hemmingway, Grace Hemmingway Tesar, May Hemmingway Davis, Linnie Hemmingway Gleason, and Frank Tesar, or any of them on August 24, 1943, and denies that said Porter H. Morgan had authority to enter into the contract of purchase relied upon by plain-

tiff, and specifically denies that Porter Morgan was authorized in writing by Henry Negus to enter into the contract relied upon by plaintiff.

The reply was a general denial.

The issues were tried to the court without a jury, resulting in general findings in favor of plaintiff and a decree establishing plaintiff's claim to the land in controversy as against defendants, Leverett Edwards and D. Replogle, and directing defendant Edwards to execute and deliver to plaintiff a good and sufficient conveyance of the title to the premises involved, and ordering defendant D. Replogle to execute a release of the oil and gas lease covering said premises, and upon the execution and delivery of such conveyance by defendant Leverett Edwards, plaintiff was to pay to said Leverett Edwards the sum of $1,900; that upon failure of said defendant Leverett Edwards to execute and deliver such conveyance, plaintiff, H. G. Storie, may pay such sum of $1,900, the balance of the purchase price to the court clerk, whereupon the decree shall operate as such conveyance.

After unsuccessful motion for new trial, defendants, Leverett Edwards and D. Replogle, appeal.

There are eight assignments of error presented under two propositions. The first proposition is that Henry Negus had no power to authorize Porter H. Morgan to enter into the contract relied upon by the plaintiff.

The evidence and record show, without controversy, that I. E. Hemmingway died, leaving a will in which he devised the property here involved (with other property) to his seven nephews and nieces above named; that Porter H. Morgan was executor of the will; that during the course of probate proceedings, three of the beneficiaries, Monroe A. Hemmingway, Elwood N. Hemmingway, and Emery Hemmingway, assigned their interest in said property to Henry Negus, an attorney

of Iowa City, Iowa, and later by warranty deed, dated January 7, 1936, conveyed to said Henry Negus an undivided 3/7 interest in said land; that thereafter, January 9, 1936, the other four beneficiaries, with their respective spouses, joined in the execution of the power of attorney to Henry Negus, referred to above.

About November, 1942, one of the beneficiaries who had signed said power of attorney, Grace Hemmingway Tesar, died. She left surviving her, so far as the record in this case shows, and so far as the property here involved is concerned, as her heirs, her husband, Frank Tesar, and her six brothers and sisters above named. When she died that revoked the power of attorney so far as her interest in the land was concerned. Her surviving husband inherited from her one-half of her undivided 1/7 interest in the land. Three of her brothers, Elwood N. Hemmingway, Monroe A. Hemmingway, and Emery Hemmingway, each inherited one-sixth of one-half of her 1/7 interest in the land, which they had never conveyed to Negus, and they had never signed the power of attorney. That left 3/84 or 1/28 interest in the land which Henry Negus never owned and which he had no power of attorney to sell. Negus himself could not have entered into a valid contract to convey the entire interest. Therefore, if his power of attorney had authorized, or empowered him to delegate his power and authority, or appoint a substitute with power to sell, he could not have empowered said substitute to convey the entire interest.

The statute of frauds, 15 O.S. 1941 §136, subdivision 5, provides that any agreement for the sale of real property or any interest therein is invalid, unless the same or some memorandum thereof be in writing and subscribed by the party sought to be charged, or by his agent, and if made by an agent of the party sought to be charged, it is invalid unless the authority of the agent be in writing and subscribed by the party sought to be charged.

In Woodworth et al. v. Franklin, 85 Okla. 27, 204 P. 452, it is held:

"A contract for the sale of an oil and gas lease entered into by an alleged agent of the owner of such lease and a third person is invalid, under the statute of frauds, unless the authority of such agent to sell said lease be in writing, subscribed by such owner, and such authority must be specific and certain as to the authority conferred, the terms, description, and parties, so that such authority is disclosed by the writing itself, and recourse to parol evidence to show the intention of the parties is unnecessary."

The power of attorney to Negus, together with the 3/7 interest which he owned, gave him power and authority to sell at most only 27/28 interest in the premises. It did not give him the authority to delegate a power or to designate or appoint Porter H. Morgan as attorney-in-fact with power to enter into a contract for the sale of the land binding upon any of the devisees of I. E. Hemmingway, deceased.

In Messman v. Lower et al., 84 Okla. 151, 202 P. 1014, it is held:

"The general rule is that an agent has no implied authority to delegate his powers to a subagent, and any one employed by him as a subagent does not become the agent of the principal, without the principal's consent."

Brouse v. Cox, et al., 129 Okla. 130, 263 P. 1088, quotes, with approval from 21 Ruling Case Law, 860, the following:

" 'It is a general rule that, in all cases of delegated authority, where personal trust or confidence is reposed in the agent, and especially where the exercise and application of the power is made subject to his judgment or discretion, the authority is purely personal, and cannot be delegated to another, unless there is a special power of substitution either express or necessarily implied.' "

In 41 Am. Jur., Powers, §31, the rule is stated as follows:

"It may be said to be the general rule that where a power is coupled with a personal confidence or discretion the donee cannot delegate its execution to another. This rule has been applied to powers, such as powers of sale, given to an agent, . . ."

The same rule is substantially stated in 2 Am. Jur., Agency, §196, as follows:

"It is a general rule that in all cases of delegated authority where personal trust or confidence is reposed in the agent and especially where the exercise and application of the power is made subject to his judgment or discretion, the authority is purely personal and cannot be delegated to another unless there is a special power of substitution, either express or necessarily implied."

The power of attorney did give Negus the power to appoint an agent, or agents, for certain named purposes, i.e., "to assist him in the care, control and management of the property hereinbefore described." That was the extent of the authority conferred. It did not extend to the appointment of an agent with power to sell the land, or with power to contract for the sale of the land.

Defendant in error, in effect, contends that there was implied power to appoint an agent to sell the land and cites as authority therefor Brouse v. Cox et al., supra. However, the fact that express power was given in the instant case to appoint an agent for certain stated purposes, carries with it the exclusion of the implied power to appoint a subagent for any other purpose. Therefore, there is no implied power for Negus to appoint any subagent to sell the land, or with power to contract for the sale of the land.

Plaintiff paid Morgan $100 to apply upon the supposed purchase price. The record does not show that this money was ever paid over to Henry Negus, or any of the other owners of the land. The payment to a person to whom an agent has, without authority, delegated his power, is not deemed payment to the principal where the money

paid does not come into the hands of the principal, or of any person authorized to receive it. 2 Am. Jur., Agency, §205.

There is no evidence whatever of any ratification of the alleged contract for sale of the land to plaintiff by any of the owners before they conveyed to defendant Leverett Edwards.

From the above authorities, it is clear that Porter H. Morgan had no power to enter into a contract for the sale of the land and bind the owners. Therefore, plaintiff had no valid contract of purchase.

The trial court was in error in holding that plaintiff's contract was binding and came ahead of the deed to defendant Leverett Edwards.

Defendant Edwards acquired title to 27/28 interest in the land. He did not acquire the 1/28 interest which Elwood N. Hemmingway, Monroe A. Hemmingway and Emery Hemmingway inherited from their sister, Grace Hemmingway Tesar.

The record shows that in March, 1944, Emery Hemmingway, Elwood N. Hemmingway and Monroe A. Hemmingway executed a quitclaim deed conveying their interest in the land here involved to plaintiff, H. G. Storie. Therefore, at the date of the trial, defendant Leverett Edwards was the owner of an undivided 27/28 interest in the land, and plaintiff, H. G. Storie, owned an undivided 1/28 interest. Defendant Replogle owned a valid oil and gas lease covering 27/28 interest in the land. That should have been the decree of the court.

Judgment reversed and the cause is remanded, with directions to enter judgment in accordance with the views herein expressed.

DAVISON, C.J., and WELCH, CORN, HALLEY, and JOHNSON, JJ., concur. ARNOLD, V.C.J., and GIBSON, J., dissent. LUTTRELL, J., not participating.