TURNER et al. v. BAXTER.

No. 35030. Oct. 28, 1952.

*249 P. 2d 725.*

Richard A. Hays and DuVal Pitchford, Okmulgee, for plaintiffs in error.

W. C. Alley, Okmulgee, for defendant in error.

PER CURIAM. Defendant in error, D. M. Baxter, instituted this action against plaintiffs in error, Leonard A. Turner, Mrs. Laura A. Turner, and Robert A. Turner, to require specific performance of a written contract to convey certain lands to defendant in error. The plaintiff below was awarded judgment, and this appeal has accordingly been taken.

The parties will be referred to as they appeared in the lower court.

Plaintiff alleges that prior to the 27th day of August, 1938, he entered into a verbal contract with the Federal Land Bank of Wichita, Kansas, for the purchase of certain real property de-

scribed in said petition. That on the 27th day of August, 1938, he entered into a written contract with the defendants Leonard A. Turner and Mrs. Laura A. Turner, whereby he assigned his contract of purchase of said real estate to said Leonard A. Turner and Mrs. Laura A. Turner, in consideration that said defendants agree to purchase said land from the Federal Land Bank, and, upon the consummation of said purchase, to convey certain portions of said land to the plaintiff. Plaintiff further alleges that pursuant to this contract and assignment, the defendants Leonard A. Turner and Mrs. Laura A. Turner entered into a contract with the Federal Land Bank for the purchase of said real estate to receive a deed therefor upon the final payment of the consideration. That these defendants caused a deed to be executed to the defendant Robert A. Turner, and that, by so doing, and by failing to convey to the plaintiff a portion of said real property as provided in said contract, these defendants breached their written contract with the plaintiff. Plaintiff further alleged that he had performed all the conditions of said contract and assignment and is accordingly entitled to judgment against the defendants for specific performance.

The defendants answered by way of general denial, and in addition thereto alleged that there was no consideration for the contract mentioned in plaintiff's petition and that the same was procured by fraud.

This suit is on a written contract dated the 27th day of August, 1938. In this contract, it is set out that the plaintiff has an interest in the real property involved by virtue of being one of the heirs to the property and by virtue of certain payments made by him to the Federal Land Bank of Wichita, Kansas, and by virtue of an agreement between him and the Federal Land Bank for the purchase of the entire interest in and to said property.

The evidence establishes that prior to the execution of the contract, the property which had been owned by plaintiff's father had been foreclosed upon. It also establishes that plaintiff had made no payment on the land after the foreclosure proceedings had been concluded. Accordingly, plaintiff had no interest in the land at the time of the written contract sued on, unless it was by virtue of a contract to purchase from Federal Land Bank.

The only evidence presented on this last proposition was the testimony of the plaintiff that an appraiser for the Federal Land Bank who lived at Bixby came to appraise the land, and that he, the plaintiff, asked this appraiser about buying the land and the appraiser said: "O. K."

The gist of plaintiff's lawsuit is that he had a contract to purchase the real property in dispute from the Federal Land Bank of Wichita, Kansas. If he, in fact, had no valid contract to purchase said land, then, since the evidence did not establish the other two considerations set out in the written contract, there was no consideration for the contract, and plaintiff's suit must fail.

It is to be noted that it is not shown that the alleged oral contract provided the amount to be paid, the time of payment, nor other essentials of a contract of purchase. We therefore cannot see that this arrangement even approached the necessary elements of a contract of purchase. Furthermore, there is no showing by the plaintiff who this appraiser was and whether he had the authority to make such an agreement which would be binding upon the Land Bank. In fact, we can find no semblance of a contract, as alleged.

It is elementary that, in order to have a contract, parties capable of contracting must give their consent, and the contract must have a lawful object and consideration. 15 O.S. 1951 §2. When measured by these essentials

the evidence in this case does not show that the alleged agent of the Federal Land Bank had authority to bind his principal or that the terms of the purported contract were definite so as to bind either party.

The Statute of Frauds, 15 O. S. 1951 §136, provides as follows:

"The following contracts are invalid, unless the same, or some note or memorandum thereof, be in writing and subscribed by the party to be charged, or by his agent:" * * *

"5. An agreement for the leasing for a longer period than one year, or for the sale of real property, or of an interest therein; and such agreement, if made by an agent of the party sought to be charged, is invalid, unless the authority of the agent be in writing, subscribed by the party sought to be charged."

See, also, Hawkins v. Wright, 204 Okla. 55, 226 P. 2d 957, and Oakes v. Trumbo, 201 Okla. 102, 201 P. 2d 916; Bingham, Adm'r, v. Worley, 194 Okla. 238, 149 P. 2d 253; Edwards v. Storie, 202 Okla. 316, 213 P. 2d 572.

Since the contract, if in fact there was a contract, with the alleged agent of the Federal Land Bank was not in writing, and since there was no writing relative to the authority of the alleged agent, we are of the opinion that the plaintiff, Baxter, did not have an enforceable contract with the Federal Land Bank and therefore had nothing to sell to the defendant Turner.

The decision of the trial court is reversed, and it is directed to enter judgment not inconsistent with this opinion.

This court acknowledges the services of Attorneys James H. Ross, Roger L. Stephens, and Fred E. Suits, who as Special Masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by the court.

HALLEY, V. C. J., and CORN, GIBSON, DAVISON, and O'NEAL, JJ., concur.

