Robert B. FOWLER, Appellant,

v.

Nannie M. BRASHEAR, Ethel J. Shively, Nora B. Bybee, Russell W. Fowler, Mitchell L. Fowler, Laura S. Prigmore, Jessie L. Horn, and Ruth M. McLemore, Appellees.

No. 50705.

Supreme Court of Oklahoma.

Jan. 31, 1978.

Clem H. Stephenson, Co-Counsel, Fairbanks, Alaska, Charles P. Rainbolt, Co-Counsel, Cordell, for appellant.

Quinton R. Tipton, Carnegie, for appellees, Russell Fowler, Nora B. Bybee, Ethel Shively, Mitchell Fowler, and Nannie M. Brashear.

Sam A. Joyner, Godlove, Joyner, Garrett, Meyers & Mayhall, Inc., Lawton, for appellees, Laura S. Prigmore, Jessie L. Horn, and Ruth M. McLemore.

LAVENDER, Vice Chief Justice:

The real property here involved contains some 240 acres with a quarter section located in Caddo County and half a quarter section located in Washita County.

Robert B. Fowler (Fowler), appellant, brought suit for specific performance of an alleged contract of sale of real property entered into by Fowler, as buyer, and Quinton R. Tipton, as agent for sellers, appellees.[1] Buyer and sellers were brothers and sisters. Buyer lived in Alaska and some of the sellers lived in other states. In an alternative cause of action, Fowler also sought partition. He was an owner of an undivided one-ninth interest in the real property, and the sellers owned the other eight ninths, with each generally owning an undivided one-ninth each.[2] These owners also sought partition. Trial court sustained the sellers' motions for summary judgment as to the action seeking specific performance and ordered the cause to proceed as a partition suit. Fowler appeals.

In a telephone conversation with Fowler, Tipton, as agent for the sellers, offered the real property to Fowler. Tipton confirmed this offer by letter of the same date, January 21, 1974. Fowler alleges he orally accepted through a telephone call to Tipton on February 1, 1974. There was no other acceptance until an April 5, 1974, telegram from Fowler to Tipton. Two motions for summary judgment were filed by different attorneys for all, but different, sellers. Before the trial court was the affidavit of agent Tipton stating his authority to sell the real property was not in writing.

On appeal, Fowler argues (1) oral acceptance within the time allowed by the written memorandum and subsequently confirmed by telegram; (2) Tipton estopped to deny his agency authority; and (3) statute of frauds, requiring agent's authority to sell real property to be in writing,[3] is unconstitutional. Sellers contend the lack of timely and proper acceptance, no estoppel, and contra to a valid statute of frauds.

Fowler takes no position of compliance with 15 O.S.1971, § 136, or of excuse of noncompliance, other than its invalidity as being unconstitutional based on prohibited discrimination between citizens of different states. We find no application of that argument to this particular statute. Section 136 applies to any Oklahoma contract involving real property whether the parties to the contract are residents of other states or of this state. As pointed to in one of the sellers' briefs, the authorities, used by Fowler in support, deal with prohibiting discrimination between citizens of a different state, but the statute of frauds was not

---

1. Nannie M. Brashear, Ethel J. Shively, Nora B. Bybee, Russell W. Fowler, Mitchell L. Fowler, Laura S. Prigmore, Jessie L. Horn, and Ruth M. McLemore.

2. Nannie J. Brashear is shown to own no interest in the Washita County property with Nora B. Bybee owning a two-ninths interest.

3. 15 O.S.1971, § 136. Statute of frauds, provides in part:
 "The following contracts are invalid, unless the same, or some note or memorandum thereof, be in writing and subscribed by the party to be charged, or by his agent:
 * * * * * *
 "5. An agreement for the leasing for a longer period than one year, or for the sale of real property, or an interest therein, and *such agreement, if made by an agent of the party sought to be charged, is invalid, unless the authority of the agent be in writing,* subscribed by the party sought to be charged." (Emphasis supplied.)

involved. No discrimination is demonstrated in the application of § 136. These authorities are not controlling in present case, so as to require § 136 to be declared unconstitutional.

 Here, Tipton does not deny his authority as agent. By his affidavit, he asserts his authority to sell the real property was not in writing. Fowler makes no argument and points to nothing before the trial judge, for his consideration on the motions for summary judgment, that is contra or makes that fact an issue. There is no assertion of an act of any of the sellers to create an estoppel. The estoppel is sought against Tipton. There is none against him. He is not a party. As a witness and through his affidavit, he establishes his agency authority to sell was not in writing. This makes the contract, sought to be specifically performed, under the statute of frauds, and thereby invalid. There can not be specific performance. By syllabus in *Turner v. Baxter*, 207 Okl. 337, 249 P.2d 725 (1952), this court said:

"*A contract for the sale of real property, entered into by an alleged agent of the owner of such real property, and a third person, is invalid under the Statute of Frauds, unless the authority of such agent to sell such real property be in writing,* subscribed by such owner, and such authority must be specific and certain as to the authority conferred, the terms, the description, and parties, so that the authority is disclosed by the writing itself and recourse to parol evidence to show the intention of the parties is unnecessary." (Emphasis supplied.)

The statute of frauds problem is dispositive of present case. We do not discuss the issue of timely and proper acceptance.

AFFIRMED AND REMANDED FOR CAUSE TO PROCEED IN PARTITION AS ORDERED BY THE TRIAL COURT.

HODGES, C. J., and WILLIAMS, IRWIN, BERRY, BARNES, SIMMS and DOOLIN, JJ., concur.